UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FRATERNAL ORDER OF POLICE, )
D.C. LODGE 1, 711 4th Street NW )
Washington, D.C. 20001, **STEVEN ANTHONY** )
as Trustee of the Fraternal Order of Police, National )
Labor Council 2, 711 4th St, NW, Washington, )
D.C. 20001, and **TERI GRANT,** 711 4th Street )
NW, Washington, D.C. 20001 )
)
            Plaintiffs, )
)    CASE NO. _____
        v. )
)
**EDWARD BARRY**, individually and )
in his official capacity as National President, )
Fraternal Order of Police, DC Lodge 1, National )
Labor Council 2, 27 Bishop Street, Staten Island, )
New York 10306; **PAUL FERRARO**, individually )
and in his official capacity as National Treasurer, )
Fraternal Order of Police, DC Lodge 1, National )
Labor Council 2, 125 Fawn Lane, East Centereach, )
NY 11720-1132; **CHRISTOPHER VITOLLO**, )
individually and in his official capacity as National )
Grievance Secretary, Fraternal Order of Police, DC )
Lodge 1, National Labor Council 2; 668 Bayridge )
Blvd., Willowick, OH 44095; **JULIAN DIAZ**, )
individually and in his official capacity as )
Northeast Area Representative, Fraternal Order of )
Police, DC Lodge 1, National Labor Council 2 , )
537 Marietta Ave, Thornwood, NY 10594, and )
**DANIEL DUNLAP**, in his individually and in his )
official capacity as Eastern Area National )
Representative Fraternal Order of Police, DC )
Lodge 1, National Labor Council 2, 39595 Sugar )
Maple Lane, Lovettsville, VA 20180, )
)
           Defendants. )
)

# COMPLAINT

## Introduction

1    Plaintiffs, on behalf of the Fraternal Order of Police, D.C. Lodge 1, bring this action under the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §185 and 29 U.S.C. §461 *et. seq.*, to enforce a trusteeship against the defendants for the purpose of correcting corruption or financial mismanagement; assuring the performance of a negotiated agreement or other duties of a representative of employees; restoring democratic procedures; or otherwise carrying out the legitimate objects of the labor organization.

2.    Jurisdiction is vested in this court pursuant to 28 U.S.C. §1331, 29 U.S.C. §185 and 29 U.S.C. §412.

3.    Venue is proper pursuant to 28 U.S.C. §1391(e) and 29 U.S.C. §464(b)(2) because the NLC-2's trustee is engaged in the conduct of the affairs of the trusteeship.

## PARTIES

4.    Fraternal Order of Police, DC Lodge 1 (FOP), is a labor organization within the meaning of 29 U.S.C. §402(i); and is the parent lodge and chartering entity of the Fraternal Order of Police, DC Lodge 1, National Labor Council #2.

5.    Marcello Muzzatti, is the President and the Chief Executive Officer of the FOP.

6.    Steven Anthony, Esq. is the lawful, duly appointed and authorized trustee of the Fraternal Order of Police, DC Lodge 1, National Labor Council 2.

7.    The Fraternal Order of Police, DC Lodge 1, National Labor Council #2 (NLC-2), is a subordinate labor organization pursuant to 29 U.S.C. §402(i), chartered by the FOP and which has been certified by the National Labor Relations Board to represent Postal Police

Officers employed by the United States Postal Inspection Service (USPIS) for the purpose of dealing with the "USPIS" concerning grievances, labor disputes, wages, rates of pay or other terms and conditions of employment.

8. Teri Grant is the lawful President of the NLC-2, a member of the NLC-2 and a person aggrieved by the unlawful actions of the defendants.

9. Edward Barry, is a postal police officer and the illegal National President of the Fraternal Order of Police, DC Lodge 1, National Labor Council 2.

10. Paul Ferraro, is a postal police officer and the National Treasurer of the Fraternal Order of Police, DC Lodge 1, National Labor Council 2.

11. Christopher Vitollo, is a postal police officer and the National Grievance Secretary, of the Fraternal Order of Police, DC Lodge 1, National Labor Council 2.

12. Julian Diaz, is a postal police officer and the Northeast Area Representative, Fraternal Order of Police, DC Lodge 1, National Labor Council 2.

13. Daniel Dunlap, is a postal police officer and the Eastern Area National Representative Fraternal Order of Police, DC Lodge 1, National Labor Council 2.

**FACTUAL ALLEGATIONS**

14. Plaintiffs reallege and repeat the allegations contained in paragraphs 1 through 13 as though fully set forth herein.

15. The FOP is a nationally recognized organization comprised of full-time active and retired law enforcement officers from the federal, state and local levels of government.

16. Because of its national prominence and the high visibility of its membership, the FOP holds itself to a higher standard of conduct than organizations which are not compromised

3

of law enforcement officers.

17. In this regard, the FOP maintains a high degree of adherence to its constitution, ritual, standing rules and rules of parliamentary procedure.

18. As part of the chartering process of an FOP subordinate lodge, the subordinate lodge accepts the responsibility and agrees to strictly adhere to the FOP's constitution, ritual, standing rules and parliamentary procedure.

19. Article 22, Section 6 of the FOP's Constitution mandates that a chartered subordinate labor organization demonstrate fiscal integrity in the conduct of its affairs; prohibits elected officers from having business or financial interests which conflict with their duty to the organization; prohibits corrupt influences by its officers; and requires regular audits and appropriate record keeping procedures.

20. Article 22 Sections 5, 8, 9 and 10 of the FOP's Constitution commands a subordinate lodge to operate democratically, hold membership and executive board meetings on a regular basis, provide adequate notice to the membership of meetings, establish fair procedures, equal treatment, and a fair process in disciplinary proceedings.

21. All these requirements must be acted on and performed by the subordinate lodge in the best interests of the subordinate's members and in accordance with the law.

22. Moreover, the FOP has adopted standing rules implementing the requirements of paragraphs 18-20, and which further regulate the conduct of a trusteeship.

23. Teri Grant, is the lawful and recognized National President of the Fraternal Order of Police, D.C. Lodge 1, NLC-2., and the Chief Executive Officer for the NLC-2.

24. Between June-December 2007, President Grant contacted the FOP concerning

allegations of misappropriation of union funds by Defendants Ferraro and Dunlap; the failure of the executive board to have regularly scheduled meetings; the lack of membership meetings; interference by Defendants Ferraro, Vitollo, Diaz and Dunlap with the day-to-day operations of the NLC-2; and interference by the defendants with the NLC-2's contract negotiations and collective bargaining obligations. All of these complaints, in violation of the FOP's and NLC-2's Constitution and Bylaws and the FOP's standing rules.

25. The FOP appointed an internal committee to investigate the allegations.

26. Plaintiff Grant also filed formal administrative charges against Defendant Ferraro concerning the alleged misappropriation of union funds in violation of federal law and the Constitution and Bylaws of the FOP. A hearing on the charges was set for January 4, 2008.

27. During the same time-frame the NLC-2 reached a bargaining impasse with the U.S. Postal Service (USPS) affecting the NLC-2's collective bargaining obligation to its membership and the USPS.

28. Because of the bargaining impasse, Plaintiff Grant postponed the administrative hearing set for January 2008, and sought to have the defendants meet with the NLC-2's attorney to discuss the interest arbitration scheduled to resolve the impasse.

29. The defendants refused postpone the hearing despite the fact that Plaintiff Grant had legal authority to continue the hearing.

30. The defendants met on January 4, 2008, without authority, and absolved Defendant Ferraro of the allegations against him.

31. Additionally, during that unlawful hearing the defendants conspired to remove Plaintiff from her position as NLC-2 President.

31. On January 10, 2008, the plaintiffs and the defendants held a telephone conference to discuss Union business.

32. At that time, Defendant Barry proclaimed that Plaintiff Grant had been removed from her position as President of the NLC-2 effective immediately. This unlawful removal was in violation of 29 CFR §458.2(a)(5), the FOP's Constitution and Bylaws and the NLC-2's Constitution and Bylaws. Defendant Barry then illegally assumed the office of the National President of NLC-2.

33. On January 10, 2008, Plaintiff Grant sought immediate assistance from the FOP seeking among other relief that the NLC-2 be placed into trusteeship.

34. The FOP commenced an investigation into Plaintiff Grant's allegations and appointed Plaintiff Steven Anthony, Esq. to conduct the investigation and report back the FOP's Executive Board. Plaintiff Anthony is also a Certified Public Accountant.

35. Attorney Anthony conducted and completed his investigation into the conduct of the defendants. It was determined by the Attorney Anthony that substantial evidence existed to find that:

(a) the defendants conspired to illegally removed Plaintiff Grant in violation of federal law, and the Constitution and Bylaws of the FOP and NLC-2;

(b) the defendants violated Plaintiff Grant's due process rights in violation of federal law, and the Constitution and Bylaws of the FOP and NLC-2;

(c) the defendants violated federal law, and the Constitution and Bylaws of the FOP and the NLC-2;

(d) the defendants' actions enabled USPS management to exploit the NLC-2 and

6

compromise its negotiating position; and

  (e)  the defendants disrupted the day-to-day operations of the NLC-2 bringing contract negotiations to a standstill to the detriment of the 700 members nationwide.

  36.  On January 31, 2008, the FOP called a special meeting of the its Executive Board to hear the report of Plaintiff Anthony's investigation.

  37.  By special vote, the FOP's Executive Board placed the NLC-2 into trusteeship in accordance with its Constitution and Bylaws and its standing rules. The FOP appointed Plaintiff Anthony as the trustee over the NLC-2.

  38.  On February 1, 2008, Plaintiff Anthony notified all members of the NLC-2 that the union had been placed into trusteeship. In his letter to the NLC-2 membership, Plaintiff Anthony wrote:

> This decision was prompted by the ongoing controversy among members of the Executive Board that resulted in the unlawful removal of Teri Grant from the office of President. This power struggle enabled management to exploit the labor committee and compromise its negotiating position, disrupted the day to day operations of the labor committee and brought contract negotiations to a standstill.
>
> Trusteeship provides DC1 with the ability to remove the quarreling Executive Board members and to authorize the labor attorney to proceed with contract negotiations without interruption from those Executive Board members who persisted in interfering with the appointed Negotiating Team.
>
> Moreover, Trusteeship enables DC1 to investigate Mr. Barry and other Board Members who conspired in the unlawful removal of Ms. Grant from the office of President. The conduct of Mr. Barry and those who supported him in this misadventure violates due process of law protections of our respective constitutions, embarrasses the membership with management and recklessly exposes NLC2 to charges of union corruption and sexual and racial discrimination.
>
> Trusteeship also compels DC1 to investigate allegations that Mr. Ferraro and Mr. Dunlap have taken thousands of dollars of union funds and failed or refused to provide adequate documentation to justify that these withdrawals were expended for union purposes. The

>Department of Labor considers misappropriation of union funds a criminal offense and DC1 plans to conduct a thorough investigation of these allegations.
>
>All future matters and business affairs of NLC2 shall directed to the Trustee's representative listed below:

39. In the Trustee's Notice of Trusteeship to NLC-2 members, Plaintiff Anthony informed NLC-2 members that any objections to the imposition of the trusteeship should be filed in written form of a *Petition for Termination of the Trusteeship*. To date, no NLC-2 member has petitioned for the termination of the trusteeship.

40. On or about February 3, 2008, FOP President Marcello Muzzatti attempted to contact Defendant Barry by telephone to personally inform him of the trusteeship imposed by the FOP on the NLC-2 and the requirements of the trusteeship. Defendant Barry refused to return Muzzatti's telephone call.

41. On February 4, 2008, Plaintiff Anthony contacted Defendant Ferraro and informed him that the NLC-2 had been placed into trusteeship by the FOP. Plaintiff Anthony demanded that Defendant Ferraro surrender the NLC-2 checkbook and all other documents and records of NLC-2 in his possession and under his control to Plaintiff Anthony and the keys to the NLC-2 union office by overnight mail. Defendant Ferraro illegally refused to comply with Plaintiff Anthony's lawful request.

42. On February 5, 2008, Plaintiff Anthony again requested that Defendant Ferraro provide him with the documents and paperwork requested in paragraph 40. Again, Defendant Ferraro illegally refused to comply with this lawful request.

43. On February 6, 2008, Defendant Barry wrote FOP President Muzzatti questioning

the validity of the trusteeship.

44. On February 11, 2008, Plaintiff Anthony responded to Defendant Barry on behalf of the FOP and President Muzzatti. In that response, Plaintiff Anthony wrote in pertinent part:

Mr. Barry:

Your recent message to President Muzzatti has been referred to me for reply. Since you have elected to correspond by electronic mail, I will respond in kind and address your comments in the order they were presented.

Your instructions to Mr. Ferrarro to refuse to comply with my request for the production of documents does in fact make matters worse. The decision hurts the members, disrupts the arbitration process and forces me to take legal action that unnecessarily damages the NLC2 treasury. The Notice of Trusteeship clearly states that any objections to the decision of the DC1 Board of Directors should be filed in the form of a Petition for Termination of Trusteeship. Your arrogant refusal to cooperate with the Trusteeship simply confirms your ongoing lack of respect for due process of law and the decision of your parent lodge. More importantly it underscores your complete disregard for the interests of the members.

45. Defendants illegally refused to comply with the demands of Plaintiff Anthony.

46. On February 15, 2008, the defendants requested that the FOP hold a hearing for the purpose of challenging the trusteeship.

47. The FOP scheduled an appeal hearing for the defendants for February 29, 2008, at 11:00 a.m. The defendants were provided with adequate notice of the hearing before an impartial Executive Board.

48. On February 29, 2008, at approximately 8:30 a.m., the Defendant Barry notified the FOP by e-mail that they would not appear for the hearing they requested.

49. On February 29, 2008, the FOP Executive Board, after taking testimony from various witnesses, and considering the defendants' refusal to appear for a hearing which they

requested, reconfirmed the imposition of the trusteeship imposed upon the NLC-2. In this regard, the FOP found that a trusteeship was appropriate:

- (a) because the defendants violated 29 CFR §458.2(a)(5), the D.C. 1's Constitution and the NLC-2's Constitution;

- (b) for the purpose of correcting corruption or financial malpractice; assuming the performance of the negotiated agreements or other duties of the representative of employees; restoring democratic procedures; or otherwise carrying out the legitimate objects of such labor organization; and

- (c) to conduct a forensic audit of the NLC-2's finances concerning alleged theft of union funds of at lest $11,000.00 and possible as high as $20,000.00 involving Defendant Dunlap's vouchers and vouchers paid to Defendant Ferraro.

50. Further investigation revealed that the defendants individually and in concert which each other then engaged in the following additional illegal acts:

- (a) removed Plaintiff Grant's control over the union website;

- (b) removed Plaintiff Grant's control over union funds;

- (c) refused to comply with the lawful demands of Plaintiff Anthony as trustee; and

- (d) have illegally used union funds.

## COUNT I

### ACTION TO ENFORCE IMPOSITION OF LMRDA TRUSTEESHIP

51. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-50 as through fully set forth herein.

52. This is an action to enforce Title III of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §461, et. seq.

53. On January 31, 2008, the FOP as the chartering organization of the NLC-2, imposed a lawful trusteeship on the defendants. The FOP imposed such trusteeship to correct the

following illegal acts committed by the defendants:

(a) violating 29 CFR §458.2(a)(5), the D.C. 1's Constitution and the NLC-2's Constitution;

(b) for the purpose of correcting corruption or financial malpractice; assuming the performance of the negotiated agreements or other duties of the representative of employees; restoring democratic procedures; or otherwise carrying out the legitimate objects of such labor organization; and

(c) to conduct a forensic audit of the NLC-2's finances concerning alleged theft of union funds of at lest $11,000.00 and possible as high as $20,000.00 involving Defendant Dunlap's vouchers and vouchers paid to Defendant Ferraro.

54. The Defendants have refused to comply with the trusteeship in violation of federal law, and have continued to unlawfully operate the NLC-2 and unlawfully expend union funds to the detriment of the NLC-2 and its membership.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants and seek the following relief:

a. Declare that the trusteeship imposed by the FOP upon the defendants is lawful;

b. Confirm the appointment of Steven Anthony as Trustee over the NLC-2;

c. Order the defendants to surrender all checkbooks, financial records, and files in whatever form to the offices of Plaintiff Anthony;

d. Order the defendants to take whatever action is necessary to insure that Plaintiff Anthony has control and authority over the financial records, including executing whatever documents are required by Wachovia Bank to obtain that control and authority;

e. Order defendants to surrender control over the NLC-2's Internet website to Plaintiff Anthony including all passwords and access authority;

f. Order the defendants to refrain from any destruction, removal, secretion or

alteration of the financial records of the NLC-2;

 g. Order the defendants to surrender all keys to the NLC-2 Union Office to Plainitff Anthony;

 h. Any other relief the Court deems necessary and proper.

COUNT II

BREACH OF CONTRACT - SPECIFIC PERFORMANCE

 55. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 54 as though fully set forth herein.

 56. This is an action for breach of contract and specific performance under the provisions of the Labor-Management Relations Act of 1947, 29 U.S.C. §185, to require compliance and specific performance by the Defendants with the provisions of the Plaintiffs' constitution and bylaws.

 57. The charter granted by the Plaintiffs to the Defendant is an enforceable contract and requires that the Defendants comply with the constitution and bylaws of the Plaintiff.

 58. Since January 31, 2008, Plaintiff FOP, as the parent and chartering organization of the Defendant, has attempted to require the Defendants to comply with federal law and the trusteeship lawfully imposed upon the NLC-2.

 59. Since January 31, 2008, the Defendants have refused to comply with the requirements placed upon them by federal law and the Constitution and Bylaws of the FOP and the NLC-2.

 60. Because the Plaintiff is an organization of active federal and local law enforcement officers, it is imperative that the Plaintiff and its subordinate labor committees

12

comply with the letter and the spirit of all federal, state and local laws applicable to them.

61. In the same vein, Plaintiff as an organization of active federal and local law enforcement officers, must avoid even the appearance of impropriety by its subordinate labor organizations.

62. The conduct by the Defendants in this matter evinces conspiracy, violation of due process of law, financial mismanagement, jeopardizes the fiscal integrity of the NLC-2, is violative of democratic procedures and creates a substantial appearance of impropriety.

63. The conduct by the Defendants in this matter breaches their charter, breaches their obligations to the Plaintiffs, violates federal law, and breaches the constitution and bylaws of the Plaintiff which the Defendants are obligate to follow.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants and seek the following relief:

a. Declare that the trusteeship imposed by the FOP upon the defendants is lawful;

b. Confirm the appointment of Steven Anthony as Trustee over the NLC-2

c. Order the defendants to surrender all checkbooks, financial records, and files in whatever form to the offices of Plaintiff Anthony;

d. Order the defendants to take whatever action is necessary to insure that Plaintiff Anthony has control and authority over the financial records, including executing whatever documents are required by Wachovia Bank to obtain that control and authority;

e. Order defendants to surrender control over the NLC-2's Internet website to Plaintiff Anthony including all passwords and access authority;

f. Order the defendants to refrain from any destruction, removal, secretion or

alteration of the financial records of the NLC-2;

      g.    Order the defendants to surrender all keys to the NLC-2 Union Office to Plaintiff Anthony;

      h.    Any other relief the Court deems necessary and proper.

Respectfully submitted,

_____
Stephen G. DeNigris, Esq.
Attorney for the Plaintiff
D.C. Bar No. 440697
2100 M Street, NW Suite 170-283
Washington, DC 20037
Office: (703)416-1036
Fax:    (703)416-1037

Dated: March 18, 2008.

14

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

FRATERNAL ORDER OF POLICE, D.C. LODGE 1, 711 4th St NW, Washington, D.C. 20001, STEVEN ANTHONY as Trustee of the Fraternal Order of Police, National Labor Council 2, 711 4th St, NW, Washington, D.C. 20001, and TERI GRANT, 711 4th Street NW, Washington, D.C. 20001

## DEFENDANTS

EDWARD BARRY, individually and in his official capacity as National President, Fraternal Order of Police, DC Lodge 1, National Labor Council 2, 27 Bishop Street, Staten Island, NY 10306; PAUL FERRARO, individually and in his official capacity as National Treasurer, Fraternal Order of Police, DC Lodge 1, National Labor Council 2, 125 Fawn Lane, East Centereach, NY 11720; CHRISTOPHER VITOLLO, individually and in his official capacity as National Grievance Secretary, Fraternal Order of Police, Lodge 1, National Labor Council 2; 668 Bayridge Blvd., Willowick, OH 44095; JULIAN DIAZ, individually and in his official capacity as NE rea Representative, Fraternal Order of Police, DC Lodge 1, National Labor Council 2, 537 Marietta Ave, Thornwood, NY 10594, and DANIEL DUNLAP, in his individually and in his official capacity as Eastern Area National Representative Fraternal Order of P

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stephen G. DeNigris, Esq.
2100 M Street NW Suite 170-283
Washington, D.C. 20037 Office: (703)416-1036

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☒ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Enforcement of Trusteeship Title III LMRDA, 29 USC Sec. 461 et. seq.; Breach of Contract, LMRDA 29 U.S.C. Sec. 185

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ 0.0  Check YES only if demanded in complaint  JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction) YES ☐ NO ☒  If yes, please complete related case form.

DATE 03/18/2008   SIGNATURE OF ATTORNEY OF RECORD  *[signature]* Stephen G. DeNigris DC Bar 440697

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.