UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FRATERNAL ORDER OF POLICE,
D.C. LODGE 1, et. Al.,

      v.            Civil Action No. 08-cv-462 (ESH)

EDWARD BARRY, et. al.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT PAUL FERRARO'S MOTION TO SUBSTITUTE ANSWER**

    Plaintiff, Fraternal Order of Police, D.C. Lodge 1, et. al., through counsel files this response in opposition to Defendant Paul Ferraro's Motion to Substitute his Answer. As further grounds counsel would state:

    1.    This action arose as a result of the imposition of a trusteeship by FOP DC Lodge 1 against the Defendants for their unlawful actions as executive board members of the Fraternal Order of Police National Labor Council 2, U.S. Postal Police Labor Committee.

    2.    In this regard, a trusteeship was imposed after defendant Ferraro and the other defendants allegedly conspired to and removed President Teri Grant the lawful sitting national president of the FOP NLC-2 from office.

    3.    This action further arose as a result of allegations against Defendant Ferraro for financial mismanagement and a cover-up over the alleged unlawful use of union funds by Defendant Dunlap.

    4.    Further, the imposition of the trusteeship was imperative to insure the FOP NLC-2's collective bargaining obligations with the U.S. Postal Service.

    5.    A trusteeship was lawfully imposed on the FOP-NLC2 and the defendants were

removed from office by the trustee.

6.  At the time of the imposition of the trusteeship, all defendants, in addition to any member of the union, was informed that they could appeal the imposition of the trusteeship to FOP, DC Lodge 1.

7.  On February 28, 2008, at the behest of Defendant Barry, an appeal board of the Executive Board of DC 1 Lodge was convened at FOP DC 1 Lodge headquarters in Washington, D.C.. Three hours before the scheduled meeting, Defendant Barry refused to appear to appeal the trusteeship. As a result, the Executive Board of FOP DC 1 confirmed the imposition of the trusteeship.

8.  On or about February 2008, Defendant Ferraro without legal authorization, removed Teri Grant from signatory authority of the union's bank accounts.

9.  Despite repeated demands by the trustee, Defendant Ferraro has continuously refused to surrender the financial records and bank accounts to the trustee even though other Defendants and the NLC-2 members had accepted and/or welcomed the imposition of the trusteeship by DC Lodge 1.

10. Consequently, and in order to continue operating the union during a collective bargaining impasse with the U.S. Postal Service, to enforce the trusteeship and to meet its other legal obligations, the trustee requested that Plaintiff Teri Grant create a new union account from union fees to administer the trusteeship. Plaintiff Grant complied with the trustee's request and created a new Union account with Wachovia Bank.

11. Defendant Ferraro was subsequently notified by Wachovia Bank that Plaintiff Teri Grant transferred $50,000.00 into a new union account created for the operation of the Union.

12. Defendant Ferraro, without authorization or legal authority, initiated a formal

complaint with Wachovia Bank alleging among other matters, that the union's funds were "stolen" and that Plaintiff Grant had committed fraud and theft.

13. In response to this complaint, Wachovia Bank froze all of the union's accounts. Presently, the trustee is in the process of filing an action against Wachovia before this Honorable Court to unfreeze the union's bank accounts.

14. Thus, the freezing of the union's accounts was a direct result of the actions of Defendant Ferraro.

15. Defendant Ferraro was properly served with this complaint and notified as to his response date. He did not request an extension of time from counsel or this Court for the purpose of obtaining counsel. Had the defendant made such a request, counsel would not have opposed his request.

16. In the interim, Defendant Ferraro was properly served with a subpoena duces tecum to produce copies of the union's records. He refused to comply with the subpoena.

17. Instead, Defendant Ferraro answered the complaint and filed the answer with this Honorable Court.

18. Defendant Ferraro, now through counsel, now seeks to substitute his answer.

19. At each and every opportunity, Defendant Ferraro has failed to avail himself of his administrative remedies within the FOP itself, and/or comply with the rules of procedure of this Court. And while, this Court may allow some leeway to a pro se defendant as to the technical requirements of pleading, it should not allow defendant Ferraro to flaunt the process and now distance himself from his answer and/pr admissions set forth in his prior answer.

20. It is because of this, that Plaintiffs oppose this motion.

21. Should this Honorable Court be inclined to allow such substitution, the plaintiffs

would respectfully request that the plaintiffs be allowed to use Defendant Ferraro's responses in his prior answer to the extent provided for and necessary under the Federal Rules of Civil Procedure and Evidence.

WHEREFORE the plaintiffs respectfully pray that this Honorable Court deny Defendant Ferraro's motion.

        Respectfully submitted,

        ***/s/ Stephen G. DeNigris, Esq.***
        Stephen G. DeNigris, Esq.
        D.C. Bar No. 440697
        Attorney for the Plaintiffs
        2100 M Street NW Suite 170-283
        Washington, D.C.  20037

        Office: (703)416-1036
        Fax:    (703)416-1037

        E-mail:         sgd853@aol.com

Dated:  April 30, 2008
       Las Vegas, NV

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FRATERNAL ORDER OF POLICE,
D.C. LODGE 1, et. Al.,

        v.                          Civil Action No. 08-cv-462 (ESH)

EDWARD BARRY, et. al.

_____/

**O R D E R**

Upon consideration of Defendant Ferraro's Motion to Substitute his Answer, the Plaintiffs' Response in Opposition and other papers filed, and for other good cause, it is

**ORDERED** that Defendant Ferraro's motion is **GRANTED / DENIED**.

_____
UNITED STATES DISTRICT JUDGE

Dated: May ____, 2008
       Washington, D.C.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Plaintiffs' response in Opposition to Defendant Ferraro's Motion to Substitute Answer was sent by electronic mail on April 30, 2008, to the following:

Arlus Stephen, Esq.
Davis, Cowell & Bowe
1701 K Street NW
Suite 210
Washington, DC 20006

*/s/ Stephen G. DeNigris, Esq.*