UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRATERNAL ORDER OF POLICE,** <br> **D.C. LODGE 1**, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> **EDWARD BARRY**, et. al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    CASE NO.: 08-cv-462 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT RULE 16.3 REPORT

The parties respectfully submit this case management plan as required by LCvR 16.3(c) setting forth their proposals regarding the matters specified in LCvR 16.3(c) and providing a proposed scheduling order. The parties' proposals are set forth in the same order in which the matters are listed in LCvR 16.3(c).

    **1.**    **Whether the case is likely to be disposed of by dispositive motion.**

        Plaintiff:    Yes.

        Defendant:    Yes.

    **If a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

        No dispositive motion has been filed as of the submission date of this report.

    **2.**    **The date by which any other parties shall be joined or pleadings amended.**

        The parties do not anticipate needing to join other parties. The Defendant Barry will seek leave to amend his answer.

    **Whether some or all of the factual and legal issues can be agreed upon or**

     **narrowed.**

        Unknown at this juncture.

3.     **Electronic Discovery**

        The parties have discussed issues related to the disclosure and preservation of electronically stored information. The parties agree to preserve all electronically stored information related to the case. Based on the parties' current understanding of the scope of this litigation, it is believed that all such information can be produced in paper format

4.     **Whether the case would be assigned to a magistrate judge for all purposes including trial.**

        The parties do not consent to such an assignment.

5.     **Whether there is a realistic possibility of settling the case.**

        Unknown at this time.

6.     **Whether the case could benefit from the Court′s alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

        Plaintiff:    Unknown at this time

        Defendant:    Unknown at this time

7.     **Whether the case can be resolved by summary judgment or motion to dismiss.**

        Plaintiff:    Yes.

    Defendant:  Yes.

    Both parties believe that this case will be resolved by dispositive motion.

**Dates for filing dispositive motions and/or cross-motions, opposition and replies.**

    Dispositive motion:  No later than 30 days after completion of discovery.

    Oppositions: No later than 30 days after service of dispositive motions.

    Replies:  No later than 30 days after service of oppositions.

**Proposed date for a decision on the motion.**

    60 days after due date for replies, or as soon thereafter as is consistent with the Court's calendar.

8. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1).**

    In accordance with Fed. R. Civ. P. 26(a)(1)(A), the parties will make all required disclosures to each other..

9. **How Long discovery should take.**

    Four Months

**What limits should be placed on discovery(e.g., number of interrogatories, number pf depositions, duration of depositions).**

    Interrogatories:  25 Interrogatories per side.

    Depositions: 7 non-party depositions per side, plus deposition of the parties.

    Duration of depositions:  One day, seven hours.  Pursuant to Fed. R. Civ. P.

30(d)(2), the parties may request flexibility in the duration of depositions if needed to ensure a fair examination of the deponents.

**Whether a protective order is appropriate.**

A protective order may be necessary if the parties seek confidential personnel information concerning employees other than the parties themselves.

**A date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.**

Four months from the Court's ruling on either party's motion to dismiss and/or summary judgment unless the motion is granted and the case is disposed of.

**Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified.**

No.

**Whether and when depositions of experts should occur.**

N/A: The parties do not anticipate retaining experts although as discovery proceeds this may change.

10. **In class actions, appropriate procedures.**

N/A

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

No.

12. **The date for the pretrial conference(understanding that a trial will take**

**place**

> **30 to 60 days thereafter).**

The parties propose that the Court set a status conference for a date soon after the close of discovery, and that the Court set a pretrial conference date at that time.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Court should set a trial date at the pretrial conference.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties anticipate on filing motions/cross-motions for preliminary injunction prior to the scheduling conference and will further consult with the Court at that juncture.

Respectfully submitted,

| | |
|---|---|
| */s/ Stephen G. DeNigris, Esq.* | */s/ Arlus J. Stephens, Esq.* |
| Stephen G. DeNigris, Esq. | Arlus J. Stephens, Esq. |
| D.C. Bar No. 440697 | D.C. Bar No. 478938 |
| Attorney for the Plaintiffs | Attorney for the Defendants |
| 2100 M Street NW Suite 170 - 283 | Ferraro, Vitolo, Diaz and Dunlap |
| Washington, DC 20037 | Davis, Cowell & Bowe, LLP |
| Office: (703)416-1036 | 1701 K St NW Suite 210 |
| Fax: (703)416-1037 | Washington, DC 20006 |
| | Office: (202)223-2620 |
| | Fax: (202)223-8651 |

*/s/ Jonathan L. Gould, Esq.*
Jonathan L. Gould
491052
Kestell and Associates
Ferraro,1012 14th Street, NW, Suite 630
Washington, DC 20005
202-347-3889
202-347-4482

*/s/ Keira M. McNett, Esq.*
Keira M. McNett, Esq.DC Bar No.
DC Bar No. 482199
Attorney for Defendants
Barry, Vitolo, Diaz, and Dunlap
Davis, Cowell & Bowe, LLPTel. No.
1701 K St NW Suite 210Fax No.
Washington, DC 20006
Office: (202)223-2620
Fax: (202)223-8651

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRATERNAL ORDER OF POLICE**, ) <br> **D.C. LODGE 1**, et. al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **EDWARD BARRY**, et. al. ) <br> ) <br> Defendants. ) <br> _____) | CASE NO.: 08-cv-462 (ESH) |

**O R D E R**

Upon consideration of the parties' Joint Rule 16.3 report, and the record therein, it is by this Court, this _____ day of _____, 2008, hereby

**ORDERED** that:

(1) **Initial disclosures** under FRCP 26(a)(1) shall be waived.

(2) Each party is limited to a maximum of **7 non-party depositions plus depositions of the parties and 25 interrogatories.**

(3) **FRCP 26(a)(2)(B)** statements shall be due on or before:

Proponent's: _____.

Opponent's: _____.

(4) **All discovery shall be completed** on or before _____.

(5) **Dispositive motions** are due:

on or before _____.

with Opposition due on or before: _____.

with Replies, if any, due on or before: _____.

(6)    A **Status Conference** is hereby set for _____ at _____ am/pm.

(7)    Dates for the **Pretrial Conference**, *motions in limine*, and voir dire shall be set at the final status conference.  A trial date shall be set at the pretrial conference.

**SO ORDERED.**

_____
**ELLEN SEGAL HUVELLE**
**United States District Court Judge**