UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRATERNAL ORDER OF POLICE**, <br> **D.C. LODGE 1**, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> **EDWARD BARRY**, et. al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CASE NO.: 08-cv-462 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' OPPOSITION TO DEFENDANT EDWARD BARRY'S MOTION TO AMEND ANSWER

Plaintiffs through the undersigned counsel files this opposition to Defendant Barry's Motion to Amend his Answer. As further grounds counsel would state:

1. Edward Barry is a named defendant in this proceeding to confirm a lawfully imposed trusteeship upon the FOP NLC-2.

2. As part of that proceeding, Defendant Barry acknowledge's that he was served and answered the complaint. His answer was approved for filing by this Court.

3. Now some two months *after* Defendant Barry filed his approved answer with this Honorable Court, he asks the Court to allow him to amend his answer.

4. The plaintiffs oppose this out-of-time and specious motion.

5. As set forth in his motion, Defendant Barry asserts to the Court that he was not able to consult with counsel because he was denied the ability to have the NLC-2 pay for counsel.

6. Plaintiffs respectfully refer the Court to Barry's letter written and filed by the Court.

7. In that March 27, 2008, answer, Defendant Barry acknowledges that he ". . . received independent council (sic)" and obtained an opinion that the trusteeship imposed on the NLC-2 was most likely authorized.

8. Moreover, Defendant Barry acknowledges that he not only resigned from the NLC-2 union presidency but that he notified management and withdrew from the union.

9. Equally important is the fact that Defendant Barry represents to this Court in his March 27, 2008, answer that he no longer opposed the DC-1 trusteeship action in view of his resignation. Now some two months later, he conveniently opposes the trusteeship even though he is no longer the NLC-2 President or union member.

10. This is the second time a defendant in this matter has sought to "amend" his answer after the submission of an earlier answer. In this case it is more egregious. As noted, the motion is two months past the filing date. Barry's answer contains admissions and acknowledges that he is no longer the illegal president or member of the NLC-2.

11. This motion should not be countenanced and Defendant Barry should not be allowed to thumb his nose at the rules of procedure or what was required of him in filing an answer.

12. One would have to suspect that if Defendant Barry received "council" concerning the imposition of the trusteeship and he placed credence on that advice that he would have received advice about the effect of filing an answer in federal district court.

13. Under 29 USC §464, the trusteeship is presumed valid for a period of eighteen

months if it was imposed for the enumerated reasons under the law.  DC-1 imposed this trusteeship after then President Teri Grant was illegally removed from office, there were substantial financial irregularities based on two of the defendant's actions and to restore democratic procedures within the NLC-2.

14. Other than the denials contained in the earlier answer, this Court must presume that DC-1 lawfully imposed the trusteeship.

15. Lastly, the parties contemplate a motion and cross-motion for preliminary injunction and a scheduling order conference set in June 2008.  This late motion is simply not conducive to litigating this matter in an orderly manner given its underlying factual basis.

For the reasons set forth herein, plaintiffs pray that the Court deny this out-of-time and highly irregular request.

Respectfully submitted,

*/s/ Stephen G. DeNigris, Esq.*
Stephen G. DeNigris, Esq.
D.C. Bar No. 440697
Attorney for the Plaintiffs
2100 M Street NW Suite 170-283
Washington, DC 20037
Office:  (703)416-1036
Fax:  (703)416-1037

Dated:  May 28, 2008
           Las Vegas, NV

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRATERNAL ORDER OF POLICE**, **D.C. LODGE 1**, et. al., | ) ) ) |
| Plaintiffs, | ) ) CASE NO.: 08-cv-462 (ESH) |
| v. | ) ) |
| **EDWARD BARRY**, et. al. | ) ) |
| Defendants. | ) ) ) |

**O R D E R**

Upon consideration of Defendant Barry's Motion to Amend his Previously Submitted Answer, the Plaintiffs' Opposition and Defendant's Reply, and for other good cause shown, it is hereby

**ORDERED**, that Defendant Barry's Motion is **GRANTED / DENIED**.

_____
UNITED STATES DISTRICT JUDGE

Dated: May, \_\_\_\_\_, 2008
Washington, DC

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a copy of the foregoing Plaintiffs' Opposition to Defendant Barry's Motion to Amend his Answer was sent by electronic mail on the 28th day of May 2008, to:

Keira M. McNett, Esq.
Attorney for Defendants Barry, Ferraro,
Vitolo, Diaz, and Dunlap
Davis, Cowell & Bowe, LLP
1701 K St NW Suite 210
Washington, DC 20006
Office: (202)223-2620
Fax: (202)223-8651

Arlus Stephens, Esq.
Attorney for Defendants Barry, Ferraro,
Vitolo, Diaz, and Dunlap
Davis, Cowell & Bowe, LLP
1701 K St NW Suite 210
Washington, DC 20006
Office: (202)223-2620
Fax: (202)223-8651

                                                ***/s/ Stephen G. DeNigris, Esq.***