IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRATERNAL ORDER OF POLICE,
DC LODGE #1, et al.

      Plaintiffs,

vs.

EDWARD BARRY, et al,

      Defendants.

Civil No. 08-462 (ESH)

**DECLARATION OF CHRISTOPHER VITOLO**

I, Christopher Vitolo, hereby declare and state that I have personal knowledge of these facts and if called as a witness could and would competently testify as follows:

1.    I work as a full-time Police Officer for the United States Postal Service and have so served since May 5, 2000. I work in the USPS's office in Cleveland.

2.    I have been a member of the Postal Police Officers Association, also known as FOP NLC #2, USPS, for many years.

3.    I have served the PPOA in the capacity of National Grievance Secretary since March 16, 2007. As such, I am a member of the PPOA's

executive board. My position with the PPOA is only part-time, as I remain a full-time employee of the USPS.

4. In or about March 6, 2007, Teri Grant, the former president of the PPOA, asked me if I would serve as National Grievance Secretary to fill a vacancy that developed when the individual who had been elected to that position stepped down. I agreed to serve. Teri proposed my name to the PPOA executive board and my nomination was approved.

4. I served as a member of the trial committee that heard the charge that Teri filed against Paul Ferraro. Teri alleged that Paul had committed financial improprieties by improperly completing paperwork for reimbursements.

5. Tom Colangelo, the former first vice president, had scheduled the hearing to be held in Washington, DC in early January 2008. Colangelo was a friend and political ally of Teri.

6. The hearing had to be scheduled in advance so that the members of the trial committee could get leave from their jobs and schedule the needed travel.

7. At the trial hearing, Paul Ferraro attended and brought exhibits. He also brought a live witness, the former president of the PPOA, who testified that Paul had not improperly completed the paperwork.

8.  Teri did not attend the trial hearing.

9.  The other members of the trial committee and I all agreed that the charge against Paul was baseless. Accordingly, we ruled in favor of Paul.

10.  Under the PPOA's constitution, which we consulted, we understood that we were required to penalize Teri for filing the baseless charge against Paul if we believed she had done so maliciously or in bad faith. We also read the Constitution to state that if we found her to have acted improperly, then may impose penalties including removal from union office or suspension of her status as a union member. The latter would be the more severe penalty because it necessarily includes the former.

11.  The members of the trial committee concluded that Teri had acted maliciously and in bad faith by filing and pursuing the baseless charge against her fellow officer Paul, and by failing even to show up to present any evidence or argument in support. This was particularly egregious because she had been aware of the date for well over a month, her own friend Tom had picked the date and refused to change it when Paul complained about it, and also because she lives and works in Washington and was in town that very day.

12.  As a sanction for acting improperly by abusing the PPOA's internal charge system, the trial committee members decided to go with the

less severe penalty and to order her removal from union office. This way, she would remain a member and could again participate in a leadership capacity. We so informed her.

14. Thereafter, we learned that DC 1 imposed a trusteeship on the union and removed from union office those individuals who served on the January 2008 trial committee. Other members of the executive board were not able to attend the January 2008 hearing --- the DC 1 trustee has not removed them from office.

I declare under the penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

June 11th, 2008
Date

_____
Christopher Vitolo

4