IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRATERNAL ORDER OF POLICE,
DC LODGE #1, et al.

      Plaintiffs,

vs.

EDWARD BARRY, et al,

      Defendants.

Civil No. 08-462 (ESH)

## DECLARATION OF JULIAN DIAZ

I, Julian Diaz, hereby declare and state that I have personal knowledge of these facts and if called as a witness could and would competently testify as follows:

1. I work as a full-time Police Officer for the United States Postal Service and have so served since April 24, 1999. I work in the USPS's office in New York.

2. I have been a member of the Postal Police Officers Association, also known as FOP NLC #2, USPS, since 2002. I have served the PPOA in the capacity of Northeast Area Representative since September 2006 and am a member of its executive board. My position with the PPOA is only part-

time, as I remain a full-time employee of the USPS.

3.  As a member of the executive board, I served on the trial committee that heard the charge that Teri filed against Paul Ferraro. Teri alleged that Paul had committed financial improprieties by improperly completing paperwork for reimbursements.

4.  The hearing had to be scheduled in advance so that the members of the trial committee could get leave from their jobs and schedule the needed travel. Nevertheless, other members of the executive board, who would also be part of the trial committee, were not able to come.

5.  At the trial hearing, Paul Ferraro attended and brought exhibits. He also brought a live witness, the former president of the PPOA, who testified that Paul had not improperly completed the paperwork.

6.  Teri did not attend the trial hearing.

7.  The other members of the trial committee and I agreed that the charge against Paul was baseless. Accordingly, we ruled in favor of Paul.

8.  Under the PPOA's constitution, which we consulted, we understood that we were required to sanction Teri for filing the baseless charge against Paul if we believed she had done so maliciously or in bad faith. We also read the Constitution to state that if we found her to have acted improperly, then sanctions including removal from union office or

suspension of her membership status were appropriate. The latter would be the more severe penalty because it would also mean loss of office.

9. The members of the trial committee concluded that Teri had acted maliciously and in bad faith, because she filed and pursued the baseless charge against her fellow officer and failed to show up to support her charge with argument or evidence, despite the fact she lives and works in Washington and was in town that day.

10. As a sanction for acting improperly by abusing the PPOA's internal charge system, the trial committee members decided to go with the less severe penalty and to order her removal from union office. This way, she would remain a member and could again participate in a leadership capacity.

11. Thereafter, we learned that DC 1 imposed a trusteeship on the union and removed from union office those individuals who served on the January 2008 trial committee, including me.

I declare under the penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

6/12/08
Date

Julian Diaz