## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRATERNAL ORDER OF POLICE,
DC LODGE #1, et al.

       Plaintiffs,

vs.

EDWARD BARRY, et al,

       Defendants.

Civil No. 08-462 (ESH)

## DECLARATION OF EDWARD BARRY

I, Edward Barry, hereby declare and state that I have personal knowledge of these facts and if called as a witness could and would competently testify as follows:

1.     I work as a full-time Police Officer for the United States Postal Service and have so served for many years. I work in the USPS's office in New York.

2.     I have long been a member of the Postal Police Officers Association, also known as FOP NLC #2, USPS, and have served the Union in various capacities.

3.     In September 2005, I was elected to the position of First Vice

President; Teri Grant was elected Second Vice President. A year later the President retired and I then assumed his position, per the Constitution. I did not have the time to devote to that position and so I resigned to allow Teri to become the President in December 2006.

4.     Around August 2007, Teri asked me if I would agree to come back and serve as Second Vice President again, as that position had opened up. I agreed to do so as a favor to her. In December 2007, Tom Colangelo resigned as First Vice President, meaning I again moved up to that position.

5.     Before leaving, Tom had scheduled the trial on the charge against Paul Ferraro to be on January 4 in Washington, DC. He did so over Ferraro's objection. Just days before the trial date, however, Teri sought to change the date. The executive board denied the request. She then tried to unilaterally change the date but she was without authority to do so.

6.     As a member of the executive board, I served on the trial committee that heard the charge that Teri filed against Paul. After hearing the evidence and argument made by Paul, I agreed with the other members of the trial committee that Paul's charge against Ferraro was baseless. Accordingly, we ruled in favor of Paul.

7.     Under our interpretation of the PPOA's constitution, we understood that we were required to sanction Teri for filing the baseless

2

charge against Paul if we believed she had done so maliciously or in bad faith. We also understood that the sanctions of removal from office or suspension of membership were appropriate.

8. We concluded that Teri had acted maliciously and in bad faith, because she filed and pursued the baseless charge against her fellow officer and failed to show up to support her charge with argument or evidence, despite the fact she lives and works in Washington and was in town that day. As a sanction, we elected to remove her from office but not to suspend her membership.

9. Almost immediately upon notifying her of this, officials from DC 1 started making threats against me and other executive board members who had been on the trial committee.

10. On January 31, DC 1 President Muzzatti called me and Paul. He said he was concerned that Teri had been sanctioned for filing the charge against Paul. I explained the reasons for the trial committee's decision. He said he was going to speak with the DC 1 Board of Directors and then get back to us that day. He never called back.

11. The next day is when the purported trusteeship occurred.

12. As President of the PPOA, I was a member of the DC 1 Board of Directors, pursuant to the DC 1 Constitution. I was never notified about any

3

meeting on January 31.

13.    A true and correct copy of an email I received from DC 1 general counsel Steven Anthony on February 11, 2008 is attached as Exhibit A.

14.    We complained to DC about the alleged trusteeship. President Muzzati stated by letter of February 20 that a hearing would be held on February 29 in DC.  A true and correct copy of the letter from DC 1's president to me dated February 20, 2008 is attached as Exhibit D.

15.    Teri Grant, acting on behalf of DC 1 and its trustee, informed the PPOA's executive board that we would not be reimbursed for our lost pay and expenses, despite the fact this was a union business trip.  Given this, and given that we would all have to lose at least a day's pay and travel costs to attend this event in DC, we informed DC 1 we would not attend.

16.    On the very eve of the scheduled event, Muzzatti then emailed us all to say that now DC 1 would reimburse our pay and expenses.  But at that point it was too late to get off work and get to DC, so we were not able to attend.

17.    Even if we had attended, the outcome was already obvious, as Muzzatti already had reached a conclusion, and accused us in writing to the membership of having committed illegal acts and having acted contrary to the interests of the union and its members.

4

18.    I do not believe we did anything wrong and I thought the trusteeship was wrong. Because of the trusteeship and our bank account being frozen, we had no money to retain counsel to represent us in the trusteeship proceedings.

19.    I understand now that trusteeships are unlawful if imposed without authority. I offered my resignation of my position because of the illegal takeover, improper removal of officers and the lawsuit against me and otherwise would not have done so.

I declare under the penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

___6/12/08___
Date

_____
Edward Barry

# BARRY DECLARATION

# EXHIBIT A

-----Original Message-----
From: Steven Anthony [mailto:santhonypc@mindspring.com]
Sent: Monday, February 11, 2008 1:01 AM
To: edbarry@fopnlc2.org
Subject: NLC2 Trusteeship

Mr. Barry
Your recent message to President Muzzatti has been referred to me for reply.
Since you have elected to correspond by electronic mail, I will respond in
kind and address your comments in the order they were presented.

1. Your instructions to Mr. Ferrarro to refuse to comply with my request for
the production of documents does in fact make matters worse. The decision
hurts the members, disrupts the arbitration process and forces me to take
legal action that unnecessarily damages the NLC2 treasury. The Notice of
Trusteeship clearly states that any objections to the decision of the DC1
Board of Directors should be filed in the form of a Petition for Termination
of Trusteeship. Your arrogant refusal to cooperate with the Trusteeship
simply confirms your ongoing lack of respect for due process of law and the
decision of your parent lodge. More importantly it underscores your complete
disregard for the interests of the members.

2. DC 1 is not the majority shareholder of NLC2, the members are. One of the
assets purportedly transferred to the new corporation was your right to
operate as the Fraternal Order of Police. NLC2 enjoys that right through its
charter with DC1 and the Lodge has the legal obligation to ensure all labor
committees that it charters conduct their affairs in a legal and responsible
manner. When evidence of corruption exists, the parent organization has the
duty and the legal authority under Federal Law to place the subordinate
organization in Trusteeship until the problems are corrected. Please see the
Department of Labor Regulations on Trusteeship.

3. The position of Trustee is not an elected position. It is a position
appointed by the DC1 Board of Directors. I was chosen because of my long
standing relationship as legal advisor to DC1 and my experience in serving
as Trustee for police labor committees.

4. There is no conflict of interest just because I am paid for my services
just the same as there is no conflict of interest when your NBA gets paid
for representing the members. I owe a duty to the members and get paid to
discharge that duty responsibly. My hourly rates not only include my
personal compensation but also a ratable amount for the personnel, rent, and

sundry other expenses of running a professional law office.

5. The charter is not yet revoked although DC1 certainly has the power to do that. If I told Ferrarro this it was in the context that the powers and duties of the officers and directors are revoked once your organization is placed in Trusteeship.

I have repeatedly requested that you and other former labor committee officers relinquish control over the management of NLC2 and provide me with all documents and records of the labor committee but you continue to refuse my request.

Therefore, be advised that I am suing you and all other noncooperating members in Federal District Court to protect the interests of the membership and to compel the production of these records. If you refuse to honor the Order to Compel I will request a bench warrant for your arrest. Moreover, I have been advised that as a police officer employed with the U.S. Postal Inspection Service, you are bound to uphold the law and your refusal to do so may be a matter of interest to the OIG office.
Regards,
Steven Anthony

---

Steven Anthony
Trustee
Fraternal Order of Police
National Labor Council #2
P.O. Box 30929
Bethesda, MD 20824

NOTICE: This communication contains confidential and/or legally privileged information from the firm of Steven Anthony P.C. intended only for the use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication is strictly prohibited and may be unlawful. If you have received this in error, please resend this communication to the sender and delete the original message and any copy of it from your computer system.

No virus found in this outgoing message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 269.24.1/1463 - Release Date: 5/23/2008 3:36 PM

**BARRY DECLARATION**

# EXHIBIT D



# FRATERNAL ORDER OF POLICE

## JERRARD F. YOUNG

### DISTRICT OF COLUMBIA LODGE #1

711 4th Street, Northwest
202-408-7767

Washington, D.C. 2000·
Fax 202-408-7880

February 20, 2008

Ed Barry
FOPNLC #2
P.O. Box 826
New York, NY 10008-0826

Mr. Barry:

I am responding to your message dated February 15, 2008 advising that the former executive board of FOP NLC2 wants to challenge the trusteeship established by DC1. Apparently Mr. Dunlap reported that the appointment of the trustee was illegal and that the lodge was trying to pass a motion to make that appointment legal.

Let me clear things up for you. The DC1 Executive Committee voted to place NLC2 in trusteeship and appointed Steven Anthony to serve as trustee. The trusteeship is presumed to be valid as a matter of law by the courts and the Department of Labor for eighteen months. Nevertheless, you have violated those rules by refusing to cooperate with Mr. Anthony and surrender the checkbook and other business records of NLC2.

Also be advised that Mr. Dunlap's report of the proceedings at the recent DC1 Board of Directors meeting, or your interpretation of that report, is inaccurate. The appointment of Mr. Anthony was not in question. A motion was submitted to confirm the Standing Rules that govern the trustee's conduct and to provide the Executive Committee with an opportunity to update the rules and make any changes suggested by current members. Mr. Baumann objected to these rules because he believed that they did not apply to any labor committee that is exempt from the jurisdiction of the Department of Labor. The matter was tabled so we could evaluate his objection. However, there is no question that the current Standing Rules apply to all federal labor committees that do come under the jurisdiction of the Department of Labor including NLC2.

The hearing you requested has been set for 11:00 o'clock on Friday, February 29 , 2008. The hearing will be conducted at DC Lodge 1 which is located at 711 Fourth Street N.W. Washington DC 20001 You and Mr. Ferrarro are instructed to appear in person and to bring with you 1) the checkbooks for the operating, payroll and all other financial accounts held in the name of NLC2 including all payroll account information and access codes, 2) all other banking, financial and business records of NLC2 in your possession or

D.C. Housing Authority • Central Intelligence Agency • U.S. Department of Agriculture • Metropolitan Police • U.S. Capitol Police
Alcohol, Tobacco & Firearms Bureau • U.S. Secret Service • National Institute of Health Police • U.S. Park Police • Federal Bureau of Investi
Drug Enforcement Administration • Department of Corrections • U.S. Marshals Service • U.S. Customs • Metro Transit Police • Library of Co
Department of Defense • Internal Revenue Service • Supreme Court • Metropolitan Washington Airport Authority
Immigration and Naturalization Service • Naval Investigative Service • Postal Police • Federal Protective Service • Department of Labo
U.S. Secret Service HP • Bureau of Engraving & Printing • Government Printing Office • National Zoological Police

2

under your control or the keys and passwords required to gain access to same if they are too voluminous to transport at this time, 3) all usernames and passwords to the website and any other internet sites controlled and operated by NLC2, and 4) any other records, documents and things needed to operate NLC2 on a day to day basis.

Your allegations about the conduct of DC1 are out of line. Let me remind you that the conduct of Ed Barry is in question here not the conduct of DC1. Your unlawful discharge of the President of NLC2 prompted this trusteeship. Now I have learned that you may have also violated Article 25 Section 7 of the DC1 Bylaws, which in part prohibit public statements detrimental or adverse to the interests of the Lodge. Your recommendation to NLC2 members to file Form 1188 and terminate their membership is a matter of great concern to all of us here at DC1. I understand that the trustee will be investigating your conduct in this matter as well.

Fraternally yours,

Marcello Muzzatti
President