IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRATERNAL ORDER OF POLICE,
DC LODGE #1, et al.

    Plaintiffs,

vs.

EDWARD BARRY, et al,

    Defendants.

Civil No. 08-462 (ESH)

## DECLARATION OF MARK WILSON

I, Mark J. Wilson, hereby declare that I have personal knowledge of these facts and if called as a witness could and would competently testify as follows:

1.    I work as a full-time Police Officer for the United States Postal Service and have so served since July 1988. I have been a member of the Postal Police Officers Association, also known as FOP NLC #2, USPS, since its inception.

2.    Our union was certified by the NLRB to represent postal police officers in the early 1990's and affiliated with the Fraternal Order of Police's National Labor Council, a new entity that the FOP

Grand Lodge created to bring federal police officer bargaining units into the FOP.

3. From 1996 until 2002, I served as the President of NLC #2. In this capacity, I negotiated the charter agreement with FOP DC Lodge #1 in 2001. A true and correct copy of that charter agreement is attached as Exhibit A.

4. As I testified to the National Mediation Board in 2002, the FOP Grand Lodge subsequently decided that there was no reason for the FOP's NLC to exist. At this point, our Union became independent and considered a new affiliation. The Postal Police wanted to maintain the goodwill and corporate identity of the FOP trademark and for this reason signed a charter agreement with DC 1.

5. To the best of my recollection, the charter agreement that is attached as Exhibit A is the only agreement we reached with DC 1 and the NLC #2 created no new rules or regulations to implement the charter agreement. It is my recollection that in the event of a dispute, the charter agreement itself was designed to prevail except where it would conflict with DC 1's Constitution.

6. During negotiations over the charter agreement, we discussed with DC 1 the issue of oversight by DC 1 into the affairs of our Union. The language within the charter was expected to address

DC 1's oversight concerns and our interest in maintaining control of our union.

7. In the event either DC 1 or our Union was unhappy with their relationship, we intended that the charter agreement would end and each go its separate way.

I declare under the penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

6/14/08
Date

Mark J. Wilson
Mark J. Wilson

WILSON DECLARATION

EXHIBIT A

FRATERNAL ORDER OF POLICE
Jerrard F. Young Lodge #1
Postal Police Labor Committee

CHARTER

1. Pursuant to Article IV of the Constitution of the Fraternal Order of Police, Jerrard F. Young Lodge D.C. #1, there is hereby formed within the Lodge a Labor Committee for the Postal Police Labor Committee consisting of those members of the Postal Service who are or may be recognized or certified by applicable Authority as the bargaining unit including Postal Police Officers. For external operating purposes, the committee shall also be known as the Fraternal Order of Police, National Labor Council, USPS #2.

2. The Labor Committee is an integral part of the Lodge, and fully subscribes and adheres to the purposes and provisions of the Lodge Constitution, as such provisions may be applicable to the Labor Committee. To the extent that matters pertaining to the operation of the Labor Committee are not set forth in this Charter or implementing by-laws, rules, regulations, the FOP-NLC #2 Constitution, or procedures adopted by the Labor Committee, applicable provisions of the Lodge Constitution and by-laws or applicable federal law shall control. In the event of a conflict between this Charter and the Lodge Constitution, the provisions of the Lodge Constitution shall control, unless such a result will be contrary to applicable law.

3. There shall be established within the Labor Committee (Hereinafter referred to as the "Unit") an Executive Committee which consists of a chairperson (defined and referred to as the President of the Fraternal Order of Police, National Labor Council, USPS #2, in the FOP-NLC #2 Constitution), and such other positions as identified as Executive Board members in the FOP-NLC #2 Constitution. The term "President" shall not be used by the Labor Committee in conjunction with any internal lodge business, or any external business in connection with the name of the D.C. #1 Lodge). Any member of the unit may be a candidate for office, and officers shall be chosen through election by secret written ballot by vote of the membership. Elections shall be held in accordance with the Constitution of the Fraternal Order of Police, National Labor Council #2 (FOP-NLC #2), and existing officers shall continue to serve their current terms as outlined in the FOP-NLC #2 Constitution. The Unit shall maintain election procedures that allow for full participation by all members in fair elections. Stewards shall be selected in accordance with the FOP-NLC #2 Constitution.

4. The unit shall maintain procedures and regulations to assure the maintenance of fiscal integrity in the conduct of its affairs, to include provisions for accounting and financial controls, and shall issue regular (at least in conjunction with each National Convention) financial reports or summaries to be made available to members. Officers and agents of the unit are prohibited from having business or financial interests which conflict with their duty to the unit and its members. No person identified with corrupt influences, pursuant to applicable law, shall be an officer in the unit. At the request of the lodge, the committee agrees to surrender or make available for examination and audit, the financial records of the Labor Committee or other records as may be required to insure that the Labor Committee is meeting its obligations under the law.

5. Dues paid to the Labor Committee shall be established by the unit in accordance with the Constitution of the FOP-NLC #2. Dues and other assessments shall be applied in a uniform manner to all members of the unit. The unit shall take any and all steps to encourage the highest possible level of membership in the Fraternal Order of Police, and to ensure that at least 51% of dues paying Labor Committee members are active Fraternal Order of Police members (at various lodges nationwide). The unit and the lodge may enter into agreements for the provision of services and the payment of fees as may be determined by the unit and Lodge, provided that any such agreements are disclosed to the members and are not contrary to applicable law.

6. Meetings shall be held in accordance with the FOP-NLC #2 Constitution.

7. Pursuant to applicable law or regulations, collective bargaining agreements shall be negotiated by a negotiating committee appointed by the chairperson. All agreements negotiated are subject to ratification by a majority vote of unit members by secret written ballot.

8. The unit shall maintain procedures securing the right of all members to fair and equal treatment under the governing rules of the unit, and to fair process in disciplinary actions and agrees to abide by the provisions of the Labor Management Reporting and Disclosure Act of 1959.

9. All actions taken pursuant to this Charter may be taken by the appropriate officer, Executive Committee or as otherwise specified herein; this Charter may be amended by a majority vote of the membership.

_____
President
Fraternal Order of Police
Jerrard F. Young Lodge D.C. #1

1/9/02
DATE

_____
Secretary
Fraternal Order of Police
Jerrard F. Young Lodge D.C. #1

1/9/02
DATE

_____
Mark Wilson, Chairman
Postal Police
Labor Committee

10-4-01
DATE

_____
Tammy Hernandez
Secretary-Treasurer
Postal Police
Labor Committee

10/23/01
DATE