## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRATERNAL ORDER OF POLICE,
DC LODGE #1, et al.

       Plaintiffs,

vs.

EDWARD BARRY, et al,

       Defendants.

Civil No. 08-462 (ESH)

## DECLARATION OF PAUL FERRARO

I, Paul Ferraro, hereby declare and state that I have personal knowledge of these facts and if called as a witness could and would competently testify as follows:

1.    I work as a full-time Police Officer for the United States Postal Service and have so served for many years.

2.    I have long been a member of the Postal Police Officers Association, also known as FOP NLC #2, USPS.  I have served the PPOA in many capacities, most recently as its National Secretary Treasurer.  As such, I am a member of the PPOA's executive board.

3.    In April or May of 2007, the PPOA and the Postal Service

reached a bargaining impasse over a new agreement.

4.    Not long after, then-President Teri Grant filed an internal Union charge, alleging that I had stolen money from the Union by improperly submitting reimbursement sheets.  This allegation was patently false, as each request for reimbursement was specifically approved by the proper Union officer.

5.    When I objected to the charge and sought its dismissal, Teri's political ally, Tom Colangelo, sent me an email, a true and correct copy of which is attached as Exhibit A.  The email recites that Teri and Tom were trying to get me out of office at the behest of DC 1.

6.    In November 2007, Colangelo, who served as the First Vice President, scheduled a trial on the charge to occur on January 4, 2008 in Washington.  I objected strongly to that date and to that location.  Colangelo rejected my objection.  Attached as Exhibit B is a true and correct copy of an email exchange between the two of us.

7.    In late December 2007, Teri Grant hired as her personal attorney Steve DeNigris. DeNigris then sent me a threat letter dated December 31, 2007, a true and correct copy of which is attached as Exhibit C.

8.    At the beginning of January 2008, Grant went to the bank and made a counter withdrawal for $2,500.00 without authorization and paid

DeNigris with it. When I denied the voucher Grant submitted, DeNigris then sent me a second threat letter, a true and correct copy of which is attached as Exhibit D.

9.    I participated in a phone call with DC 1 president Muzzatti on January 31, where he said he was only concerned about the sanction imposed on Grant for abusing the internal charge system.  He raised no other concerns about our Union.

10.    By letter dated February 1, which was sent to about a quarter of the Union's membership, Muzzatti strongly implied I was guilty of criminal acts.

11.    At the same time, DC1 Counsel Anthony contacted me by phone regarding the letter. I specifically asked Anthony if the Union's charter was revoked and he replied yes that it was.

12.    When President Ed Barry contacted Muzzatti and told him that the Union accepted the dissolution of the charter; Anthony replied on his behalf that his statement was taken out of context. Attached as Exhibit E is a true and correct copy of an email exchange between them.

13.    DeNigris and Anthony have repeatedly threatened me with arrest and have threatened to intervene with the Postal Service to try to get me fired.

3

14.    Following her removal, Grant tried to access funds from the PPOA bank account.  Her name had been removed from the account, but nonetheless she got $50,000.00 and opened a new account with it.

15.    When I found that money was missing from the account I contacted Wachovia Bank. The bank immediately returned the entire $50,000.00 that was improperly taken. The bank froze the new account that Grant had set up at a negative balance of approximately $10,600.00. Three checks had cleared prior to the account being frozen, including one written to DeNigris for $6,450.00.

16.    When apprised of this improper withdrawal of money, and when Anthony later claimed to be the rightful power over the bank account (owing to the trusteeship), Wachovia Bank froze all of the Union accounts.  They have been frozen since.

17.    Anthony has stated that the money being spent by DC 1 to enforce the illegal trusteeship will be taken from the PPOA's own bank accounts, not from DC 1's accounts.  One example is the letter attached as Exhibit F, dated March 20, 2008.

18.    Attached as Exhibit G is a true and correct copy of a letter sent to me stating that, as a result of the trusteeship, the Postal Service will no longer deal with the PPOA's officers on bargaining matters and will instead

4

deal with Anthony.

I declare under the penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

12 June 2008
Date

Paul Ferraro

# FERRARO DECLARATION

# EXHIBIT A

| | |
|---|---|
| Subj: | **RE: Charges against Paul** |
| Date: | 10/13/2007 3:27:34 A.M. Eastern Daylight Time |
| From: | tomfedleo@comcast.net |
| To: | c1505pau@optonline.net, dma2391@aol.com, choccherrys@yahoo.com, begbie5000@yahoo.com, taz612us@yahoo.com, dagibbarev@yahoo.com, dunlapdanc@aol.com, LifeDoBShort@aol.com, jdiazjr@verizon.net |

Paul's motions regarding dismissing the charges against him and Dan will not be considered. This is by consensus of the President,1st V.P. and 2nd V.P.. Paul can go to D.C.1 if he wishes, but they're the ones that told us to get rid of him.\Tom

------------ Original message ------------
From: Paul Ferraro <c1505pau@optonline.net>
A formal motion with someone to second it is not required, however, it is not prohibited either.
There is precedent to vote on a motion to dismiss the charges and it is binding regardless of the outcome.

There is no provision in the Constitution to allow the 1VP to circumvent a motion because he is afraid that they will be dismissed by the majority of the EB.
There is also no provision in the Constitution to allow the 1VP to sit on the charges and not move them in a timely manner – although I would love to hear the specific reasons as to why we should not proceed.

By Constitution, should these charges be dismissed, the charging party has the right to appeal;

Article 7-XIII

In any case where charges are brought under this Article and the accused officer is acquitted by the Executive Board, any other member of that Board may appeal the acquittal to the president of the Fraternal Order of Police, Jerrard F. Young D.C. Lodge #1.

At the conclusion of this discussion I will be calling for a vote.
Should a quorum be reached and the majority vote to dismiss – the charges are dismissed and can be appealed by Grant and/or Boone if they wish to.
Should a quorum not be reached or should the majority not vote to dismiss – then we will proceed with the informal process within the specified time limits.

Again, the 1VP is entitled to his opinion on the charges, but he is not entitled to circumvent the motions before the EB.
It is up to the EB to decide if the charges were filed properly.

---

**From:** tomfedleo@comcast.net [mailto:tomfedleo@comcast.net]
**Sent:** Friday, October 12, 2007 3:55 AM
**To:** Dawn Adams; Paul Ferraro; Teri Grant; Bruce Bock; Chris; John Gibbs; Dan Dunlap; Tom Colangelo; Ed Barry; Julian Diaz
**Subject:** Charges against Paul

Everyone should have received their copy of the charges that Teri filed against Paul by now. I will start the discussion and after everyone weighs in, I will call for a vote. I would like to remind everyone that the EB cannot pass a motion or bylaw that is in conflict with the Constitution. Since there is a system inplace for dealing with formal charges, Paul's motions to dismiss charges against Dan and himself are not legal motions, therefore those motions will not be binding.

I feel that Teri's charges against Paul were filed in a timely fashion. Teri found out about the "90 day rule"

on August 11,2007. I know this is true because Teri, John and I planned to wait until the end of the year before we made out vouchers for lost benefits. Now we know those benefits are gone. We must assume that Paul knew about the "90 day rule" because he considers himself an expert on vouchers and the bylaws that cover them. Therefore we must assume that Paul misappropriated those funds with full knowledge of wrongdoing.

Paul sought the approval of the President and when he did not get it, he took the money anyway.When Teri ordered him to return the money, he refused.

The voucher that Paul submitted is lacking dates and documentation. If this voucher was submitted by any other EB member, Paul would deny it because it does not meet his requirements and it was not approved by the President.

I believe there are enough grounds to accept these charges and continue with the process as explained in the Constitution.

Tom

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.488 / Virus Database: 269.14.8/1064 - Release Date: 10/11/2007 3:09 PM

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.488 / Virus Database: 269.14.8/1064 - Release Date: 10/11/2007 3:09 PM

# FERRARO DECLARATION

# EXHIBIT B

Subj:    **RE: Paul's Trial**
Date:    **11/28/2007 10:26:49 A.M. Eastern Standard Time**
From:    tomfedleo@comcast.net
To:      c1505pau@optonline.net, dma2391@aol.com, choccherrys@yahoo.com,
         begbie5000@yahoo.com, taz612us@yahoo.com, dagibbarev@yahoo.com, dunlapdanc@aol.com,
         LifeDoBShort@aol.com, jdiazjr@verizon.net

Paul,
the EB will meet in DC the first week of January. If you show up, we will have a trial. If you do not, we will try you
in absentia. I don't care which.
Tom


------------ Original message ------------
From: Paul Ferraro <c1505pau@optonline.net>
Tom,

Guess again.

7-11 & 7-12 say what they say.
Since the charging member is also an EB member, "the same trial procedures and safeguards apply",
and we go back to 7-2 & 7-3.
The trial committee will be selected by lot.

The persons listed will testify and will not be part of the committee as per 7-2 "...is likely to be a witness
will disqualify himself/herself".
It is not just likely; it is 100% fact that I am putting Gibbs and Barry on the stand.
In all likelihood I am also putting you on the stand as a hostile witness.

The persons biased will not be on the committee.
7-11 & 7-12 guarantee a fair trial and puts a stop to your manipulation.

The trial will take place in the location the offence allegedly occurred.
Any witness who has to take time off from work will be compensated for his loss.
Any witness who has to travel will be compensated for his expenses.
Otherwise nobody gets paid to include the charging party, the charged party, and the trial committee.

That's the way it is – you're not going to dictate anything different.
Get it through your head – you are not in charge here.
You don't have authority to supersede the Constitution.

Unlike what you are trying to do – I am going to guarantee you and Grant a fair and impartial trial
committee.

-Paul

_____

**From:** tomfedleo@comcast.net [mailto:tomfedleo@comcast.net]
**Sent:** Wednesday, November 28, 2007 9:50 AM
**To:** Paul Ferraro; 'Dawn Adams'; 'Teri Grant'; 'Bruce Bock'; 'Chris'; 'John Gibbs'; 'Dan Dunlap'; 'Ed Barry';
'Julian Diaz'
**Subject:** RE: Paul's Trial

Ferraro,
the Constitution states that Officers are tried by the EB. It also states that any EB member who
feels that because of their relationship with the accused they feel they cannot sit, they will
excuse themselves. There is no provision for you to challenge any EB member. Also there is no
provision that states that witnesses cannot serve on the trial board.

The trial will be before the EB, on the dates I suggested, in Washington. There is no provision to pay travel, salary or expenses for any witnesses. That is totally on you. The only attendees that will receive compensation and expenses will be sitting EB members.
Tom

-------------- Original message --------------
From: Paul Ferraro <c1505pau@optonline.net>
**Tom Colangelo,**

**The relevant portion of the Constitution is listed below. See below that for my explanation.**

Article 7-2: <u>The charges shall be tried by a Trial Committee selected by drawing names by lot from all Executive Board Members and Regional Representatives of USPS #2.</u> It shall be an obligation of membership for any member whose name is drawn to serve on the Trial Committee; <u>provided that a member who has such a relationship to any of the parties or events involved in the proceedings as to interfere with their making a fair and objective decision or is likely to be a witness, shall disqualify him/herself,</u> and any member may for good and sufficient reasons withdraw.

Article 7-3: <u>Fifteen names from the current list of Executive Board Members and Regional Representatives shall be drawn by lot, and distributed to the charging party and accused party.</u> If any so drawn disqualifies himself or withdraws, an additional name shall be drawn to replace him. (NOTE: If either the charging party or the accused believes that more than a majority of the fifteen members who remain are biased, and have not disqualified themselves, an objection must be made before beginning to strike names in order to preserve the issue of bias and prejudice in any appeal which may later be taken.) <u>The complainant and the accused shall each strike one name alternately until seven names remain. Five of thes e, selected by lot, shall constitute the Trial Committee, and the two remaining shall serve as alternates.</u> The Trial Committee shall select one of its members to act as the Chair of the Committee who will preside over the trial. If any member of the Trial Committee subsequently disqualifies him/herself or withdraws, such vacancy shall be filled by drawing by lot three times as many names as there are vacancies and the complainant and the accused alternately striking names until there are as many names remaining as vacancies.

Article 7-11: Charges that any <u>officer</u> of USPS #2 has violated his obligation as an <u>officer</u> may also be <u>brought by any member of the Executive Board.</u>

Article 7-12: <u>Charges against any officer brought under this Article shall be in the same form and detail and shall be brought within the same time limit as those against a member.</u> The accused shall be entitled to the same notice of the charges and the time and place of trial. <u>The same trial procedures and their rights and safeguards shall be applicable.</u> Decisions as to guilt and penalty, if any, shall be by a 2/3 vote of those sitting in judgment.

The following EB members are the charged and charging parties involved and cannot serve on the trial committee (obviously);
-Teri Grant
-Paul Ferraro

The following EB members will be called as witnesses and cannot serve on the trial committee;
-John Gibbs
-Ed Barry

The following RR's will be called as witnesses and cannot serve on the trial committee;
-Tom Tulipan

-Jim Bjork (RR as of 1/1/08)

The following EB member has called me a thief numerous times and is disqualified based on his prejudice.
-Tom Colangelo
(Additionally, Grant stated during the informal teleconference that "we" filed the charges, thereby making Colangelo a charging party.)

**I reserve the right to add to or modify the list of witnesses and/or the list of disqualified parties at any time up until the trial committee is selected.**
**Reasons for disqualification are not necessarily limited to those listed above.**
**This preliminary list of eligible representatives (below) should not be considered final and binding – there may be reasons brought forth at a later date to disqualify one (or many, or all) persons on that list.**

That leaves the following EB members & RR's available for selection by lot to the committee (limited to people in office as of 1/1/08);
-Chris Vitolo
-Dawn Adams
-Dan Dunlap
-Julian Diaz
-Bruce Bock

-Powell Easley
-John Cragin
-Anibal Rodriguez
-Mike Butler
-Michelle Foster
-Joyce Jones
-Veronica Elum
-Richard Reno
-Isidore Francis
-Karl Ost
-Stanford Small
-Daniel Forrester
-Reva Caldwell
-Walter Seuell
-Rodolfo Rodriguez
-Eric Freeman

**-Paul Ferraro**
**National Secretary-Treasurer**

---

**From:** tomfedleo@comcast.net [mailto:tomfedleo@comcast.net]
**Sent:** Tuesday, November 27, 2007 3:08 AM
**To:** Paul Ferraro; 'Dawn Adams'; 'Teri Grant'; 'Bruce Bock'; 'Chris'; 'John Gibbs'; 'Dan Dunlap'; 'Ed Barry'; 'Julian Diaz'
**Subject:** RE: Paul's Trial

The trial will take place in Washington. The dates may be changed to accomodate EB members.
The trial committee will be the EB as stated in the Constitution.
Tom

-------------- Original message --------------
From: Paul Ferraro <c1505pau@optonline.net>
Tom,

First of all, 2 days is unnecessary – you do not need more than a couple of hours to present your case – the whole informal conference took 20 minutes.
However, if you want 2 days it will have to be on a Thursday & a Friday (I suggest 1/3/08 & 1/4/08).
You have already been told that I am not available on Saturday & Monday due to staffing shortages.

Secondly, trials are conducted in the area that the charged party resides - this trial will take place in NY.
It is the moving party's responsibility to travel – not the other way around.
Additionally, you have 3 NY EB members in NY plus a bunch of witnesses – it will be less of a burden to the union if the trial is conducted here.

Third, I will provide you with the accommodations made for the Ehrlich trial to include the hotel information.
I will provide you with a list of names of witnesses that will be testifying and I will check the availability of the witnesses.
If any witness is unavailable the trial will be rescheduled.

Fourth, trial committee selection has not been completed yet.
You will provide a date and time in which this is to be done – either I will be there or my designee will be there.
A failure to do so renders the whole process moot.

-Paul

---

**From:** tomfedleo@comcast.net [mailto:tomfedleo@comcast.net]
**Sent:** Monday, November 26, 2007 3:20 AM
**To:** Dawn Adams; Paul Ferraro; Teri Grant; Bruce Bock; Chris; John Gibbs; Dan Dunlap; Tom Colangelo; Ed Barry; Julian Diaz
**Subject:** Paul's Trial

The tentative date for Paul's trial has been scheduled for January 4&5,2008. The trial committee will consist of the EB per our Constitution. The proceedings will take place in Washington. Hopefully, everyone can make it. If any other charges are accepted between now and then, we will handle them at the same time. We should probably have an EB meeting while we're all together.
Please confirm your availability.
Tom

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.503 / Virus Database: 269.16.7/1151 - Release Date: 11/25/2007 4:24 PM

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.503 / Virus Database: 269.16.7/1151 - Release Date: 11/25/2007 4:24 PM

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.503 / Virus Database: 269.16.8/1153 - Release Date: 11/26/2007 9:08 PM


No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.503 / Virus Database: 269.16.8/1153 - Release Date: 11/26/2007 9:08 PM

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.503 / Virus Database: 269.16.9/1155 - Release Date: 11/27/2007 8:30 PM


No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.503 / Virus Database: 269.16.9/1155 - Release Date: 11/27/2007 8:30 PM

# FERRARO DECLARATION

# EXHIBIT C

# LAW OFFICES OF STEPHEN G. DE NIGRIS

STEPHEN G. DeNIGRIS
ADMITTED IN FL, NY, D.C.

2100 M STREET, N.W.
SUITE 170-283
WASHINGTON, D.C. 20037-1233



TELEPHONE: 703-416-1036
TELECOPIER: 703-416-1037

**BY E-MAIL AND PRIORITY MAIL**
**DELIVERY CONFIRMATION**

December 31, 2007

Paul Ferraro, Treasurer
Fraternal Order of Police
NLC 2
125 Fawn Lane East
Centereach, NY 11720-1132

Re:    FOP NLC 2 President Teri Grant
         Cease and Desist Demand

Dear Mr. Ferraro:

This office has been retained by FOP NLC 2 President Teri Grant. I have reviewed numerous e-mails which have been sent to my client from you making certain demands upon her, verbally abusing her, accusing her of criminal acts, threatening criminal prosecution or defaming her character. In this regard, in your 15 November 2007 correspondence, you make certain demands and accused my client of stealing property. You then threaten to report certain equipment as "stolen" and further threaten to file a police report presumably naming my client as a suspect. In another e-mail you threaten to ". . .file a criminal complaint" against my client if she withdraws funds which, as president she is authorized to do.

You also accuse my client and other board members of violating various federal law. In e-mail correspondence dated December 29, 2007, you, in response to a question from the President Grant, tell my client " 4. Go fuck yourself." You also refer to her as "Grant" and again write, "go fuck yourself."

Initially, it should be noted, you as the treasurer of NLC 2 have a circumscribed role in the organization. You possess no executive authority as it applies to the day-to-day operations of the organization. You do not have the legal authority to unilaterally file a criminal complaint on behalf of the FOP NLC-2 against anyone in this organization as a result of the performance of their official duties. Moreover, as a postal police officer you are liable under agency rules of conduct to conduct yourself in a professional manner both on and off-duty. Your vile, unprofessional and harassing threats will not be tolerated any further.

2

By this letter you are advised that any further false, defamatory and threatening statements implying or alleging that my client has committed a crime will result in legal action being taken against you. I will seek damages against you personally on behalf of my client.

Secondly, any further vulgar, vile or unprofessional comments to my client will result in a formal complaint being filed with the Postal Inspection Service for conduct unbecoming an officer, disharmony, sexual harassment and aggravated harassment in violation of NYPL §240.30.

Third, any attempt by you to file a criminal complaint against my client or to report property stolen which is properly in the possession of my client or others will result in appropriate action being taken against you under NYPL §175.30, filing a false police report, and a civil action seeking damages from you individually for malicious prosecution.

Fourth, any further attempt by you to impinge upon or interfere with my client's duties as the chief executive officer of the FOP NLC 2 will result in appropriate action to curtail your actions and to seek your removal from office. My client will manage the labor council between regular Board meetings without your interference.

**GOVERN YOURSELF ACCORDINGLY.**

Sincerely,

Stephen G. DeNigris, Esq.
Attorney for FOP NLC2
President Teri Grant

# FERRARO DECLARATION

# EXHIBIT D

# LAW OFFICES OF STEPHEN G. DE NIGRIS

STEPHEN G. DeNIGRIS
ADMITTED IN FL, NY, D.C.

2100 M STREET, N.W.
SUITE 170-283
WASHINGTON, D.C. 20037-1233

TELEPHONE: 703-416-1036
TELECOPIER: 703-416-1037



**BY E-MAIL AND PRIORITY MAIL
DELIVERY CONFIRMATION**

January 8, 2008

Paul Ferraro, Treasurer
Fraternal Order of Police
NLC 2
125 Fawn Lane East
Centereach, NY 11720-1132

   Re:  Purported Denial of Voucher V-001-2008

Dear Mr. Ferraro: .

   Reference is made to your purported "denial" letter dated January 6, 2008, wherein you improperly attempt to assert that you have veto authority over the National President's authority to select and retain counsel and approve expenditures. The provision you cite under "Guideline for Union Vouchers" is more of the same overreaching and misinterpretation you continue to spew at the National President. You have no approval or disapproval authority over invoices approved by the National President under Article 6 or Article 11 of the Constitution.

   Your duty is ministerial in that once a voucher is approved and paid by the National President, your only function is to record the voucher. The provision you cite applies to representatives and not to the National President.

   Second, any attempt by you to interfere with my legal relationship with the National President will result in my taking legal action against you and any other individual who wants to align themselves with your agenda.

   The National President has been overly tolerant with your conduct and those who apparently support you in both your treatment and harassment of her. National President Grant, in subsequent e-mails, was conciliatory in her tone toward you and other members of the board. However, at each and every turn, you and other board members have rebuked the National President's efforts to the detriment of the entire bargaining unit. This has largely been responsible for bringing the contract negotiations to a standstill.

   On that point, it has been suggested that members of the board have approached management outside of formal negotiations and attempted to undermine the negotiations team. If

A PROFESSIONAL CORPORATION REPRESENTING LAW ENFORCEMENT OFFICERS AND PUBLIC EMPLOYEES AT THE FEDERAL, STATE, AND LOCAL LEVELS
INTERNET: SGD853@AOL.COM

2

this information has even a shred of validity to it, this is such a serious breach of the board's fiduciary duty to the membership that removal from office and other legal sanctions would be appropriate.

I cannot impress upon you the seriousness of your continued encroachment on the National President's lawful authority.  I cannot impress upon you strongly enough my resolve in insuring that you as the Secretary/Treasurer or any other board member no longer interfere with the National President's duties as the chief executive officer of the union.  I urge you again to take a step back do what is in the membership's best interest, abandon your private agenda and work for the betterment of the membership's working conditions.

Finally, it has been brought to my attention that you have been informing individuals that I was "fired" as the union's attorney in the 1990s.  Not only is that untrue but it is defamatory. Rest assured I won't be as tolerant as the National President in dealing with your false and untruthful statements which impugn my reputation.

Sincerely,

Stephen G. DeNigris, Esq.
Counsel to the National President

# FERRARO DECLARATION

# EXHIBIT E

-----Original Message-----
From: Steven Anthony [mailto:santhonypc@mindspring.com]
Sent: Monday, February 11, 2008 1:01 AM
To: edbarry@fopnlc2.org
Subject: NLC2 Trusteeship

Mr. Barry
Your recent message to President Muzzatti has been referred to me for reply.
Since you have elected to correspond by electronic mail, I will respond in
kind and address your comments in the order they were presented.

1. Your instructions to Mr. Ferrarro to refuse to comply with my request for
the production of documents does in fact make matters worse. The decision
hurts the members, disrupts the arbitration process and forces me to take
legal action that unnecessarily damages the NLC2 treasury. The Notice of
Trusteeship clearly states that any objections to the decision of the DC1
Board of Directors should be filed in the form of a Petition for Termination
of Trusteeship. Your arrogant refusal to cooperate with the Trusteeship
simply confirms your ongoing lack of respect for due process of law and the
decision of your parent lodge. More importantly it underscores your complete
disregard for the interests of the members.

2. DC 1 is not the majority shareholder of NLC2, the members are. One of the
assets purportedly transferred to the new corporation was your right to
operate as the Fraternal Order of Police. NLC2 enjoys that right through its
charter with DC1 and the Lodge has the legal obligation to ensure all labor
committees that it charters conduct their affairs in a legal and responsible
manner. When evidence of corruption exists, the parent organization has the
duty and the legal authority under Federal Law to place the subordinate
organization in Trusteeship until the problems are corrected. Please see the
Department of Labor Regulations on Trusteeship.

3. The position of Trustee is not an elected position. It is a position
appointed by the DC1 Board of Directors. I was chosen because of my long
standing relationship as legal advisor to DC1 and my experience in serving
as Trustee for police labor committees.

4. There is no conflict of interest just because I am paid for my services
just the same as there is no conflict of interest when your NBA gets paid
for representing the members. I owe a duty to the members and get paid to
discharge that duty responsibly. My hourly rates not only include my
personal compensation but also a ratable amount for the personnel, rent, and

sundry other expenses of running a professional law office.

5. The charter is not yet revoked although DC1 certainly has the power to do that. If I told Ferrarro this it was in the context that the powers and duties of the officers and directors are revoked once your organization is placed in Trusteeship.

I have repeatedly requested that you and other former labor committee officers relinquish control over the management of NLC2 and provide me with all documents and records of the labor committee but you continue to refuse my request.

Therefore, be advised that I am suing you and all other noncooperating members in Federal District Court to protect the interests of the membership and to compel the production of these records. If you refuse to honor the Order to Compel I will request a bench warrant for your arrest. Moreover, I have been advised that as a police officer employed with the U.S. Postal Inspection Service, you are bound to uphold the law and your refusal to do so may be a matter of interest to the OIG office.
Regards,
Steven Anthony

Steven Anthony
Trustee
Fraternal Order of Police
National Labor Council #2
P.O. Box 30929
Bethesda, MD 20824

NOTICE: This communication contains confidential and/or legally privileged information from the firm of Steven Anthony P.C. intended only for the use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication is strictly prohibited and may be unlawful. If you have received this in error, please resend this communication to the sender and delete the original message and any copy of it from your computer system.

No virus found in this outgoing message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 269.24.1/1463 - Release Date: 5/23/2008 3:36 PM

# FERRARO DECLARATION

# EXHIBIT F

# Fraternal Order of Police
# National Labor Council No. 2
P.O. Box 30929
Bethesda, Maryland 20814

TELEPHONE
301-652-2622

TELECOPIER
301-652-0216

March 28, 2008

Members
Fraternal Order of Police
National Labor Council No. 2

Dear Members:

This is my second communication as trustee for FOPNLC2. At the outset I wish to express my appreciation for all of the calls and messages in response to my first communication. It is a relief to find that the overwhelming majority of members are in support of the trusteeship and have pledged their cooperation and assistance.

This is in sharp contrast however, to Mr. Barry and Mr. Ferrarro. Both of these men have been served with a lawsuit compelling them and other union members to provide me with all of the union's documents and records so I can commence the business of the trusteeship. However, Mr. Barry and Mr. Ferrarro still refuse to comply. In view of this continuing opposition I must now consider filing another lawsuit to compel Wachovia bank to unfreeze the bank accounts. The cost of both of these lawsuits will amount to nearly $20,000. Moreover, if we are unable to unfreeze the funds immediately we may have to postpone the arbitration which will result in a penalty to the union of approximately $20,000. These individuals are wreaking havoc on the union's financial condition for no justifiable or lawful reason. Worse yet, they appear to be actively trying to subvert the arbitration. The Negotiating Team has received incident reports from PPO's all around the country but none have been received from New York. I believe Mr. Barry and Mr. Ferrarro are a menace to this union and I am hopeful that the members will persuade them to stop this destructive behavior.

Notwithstanding the foregoing problems, I am moving forward with the organization of the trusteeship. First, I have appointed the national and regional representatives. Most of the individuals have remained in the same positions. These individuals are also automatically appointed to the new Management Committee. As I mentioned previously, the Management Committee is established to provide the trustee with information and advice regarding the operation of the union and the issues confronting the membership. Please see the attached schedule for the new list of national

Members
March 24, 2008
Page 2 of 2

and regional representatives. If anyone is interested in serving in the vacant positions or on the Management Committee, please contact me.

I have also appointed the Negotiating Team for contract negotiations and interest arbitration. Please see the attached schedule of team members. If anyone wishes to serve on the Negotiating Team please contact me. The union will start presenting its case on Monday March 31, 2008 unless the matter is postponed for the reasons discussed above.

The decision to go to arbitration was based on the legal advice of Mr. Kaplan, the union's long standing labor attorney, and the overwhelming response from the members who clearly favor of arbitration. However, there are still a handful of outspoken members opposed to arbitration. They seem to believe that it will cost the union certain concessions that would not have been at risk if a settlement was negotiated with management instead.

Mr. Kaplan, who is currently leading the interest arbitration for the union, advised that management has never accepted any of the union's settlement proposals and they remain steadfast in their opposition to any meaningful pay and benefit increases for PPO's. Years ago he advised the union that if they wanted to achieve any meaningful changes for PPO's they would need to obtain legislation from congress. Although a lobbyist was retained in 2006, the resulting changes in 18 USC 3061 were of no assistance because the new law was discretionary and not mandatory. Although the law gave management the discretion to create a police force and grant investigation powers, management has refused to act on this new authority. Therefore, Mr. Kaplan advised the union to proceed with arbitration to obtain a final determination of the outstanding issues with management. Once the arbitrator renders a final decision, Mr. Kaplan further advised that the arbitrator's decision would demonstrate to congress that all administrative avenues have been fully pursued and the only remaining alternative for relief is legislation. The union has proceeded to arbitration based on this advice.

I hope this information is helpful. As I stated previously, Teri Grant has been appointed Chair of both the new Management Committee and Negotiating Team and will be keeping the members informed about the progress of the arbitration proceedings. Now is the time for members to set aside political rivalries and come together to provide the Negotiating Team and Attorney Kaplan with the assistance and support they need as they commence the second week of battle for better wages and benefits for all.

Very truly yours,

/s/

Steven Anthony
Trustee

# FERRARO DECLARATION

# EXHIBIT G

LABOR RELATIONS


**UNITED STATES**
**POSTAL SERVICE**

May 13, 2008

Mr. Paul Ferraro
Secretary-Treasurer
Fraternal Order of Police, National
 Labor Council, USPS No. 2
125 Fawn Lane East
Center Reach, NY 11720-1332

Dear Mr. Ferraro:

This is in response to your May 6 email to John Cavallo, Labor Relations Specialist,
concerning the list of NLC 2 Executive Board members and your position concerning the
matter of NLC 2 trusteeship involving Fraternal Order of Police District of Columbia
Lodge 1 (DC 1).

Mr. Barry and Mr. Anthony responded to our February 12 correspondence requesting
explanations of claims they might have concerning authority to represent bargaining unit
PPOs. Based on good-faith analysis of available information, we received the legal
opinion that the Postal Service should recognize DC 1's trusteeship. As such, the Postal
Service has requested that Mr. Anthony, as trustee, designate those persons with whom
we should be dealing on matters of business between the Postal Service and the union.
We are awaiting his response.

Sincerely,

Kevin B. Rachel
Manager, Collective Bargaining and Arbitration

cc: Mr. Anthony

475 L'ENFANT PLAZA SW
WASHINGTON DC  20260-4100
WWW.USPS.COM