UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRATERNAL ORDER OF POLICE,** <br> **D.C. LODGE 1**, et. al., <br> <br> Plaintiffs, <br> <br> v. <br> <br> **EDWARD BARRY**, et. al. <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CASE NO.: 08-cv-462 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' MOTION TO AMEND OR ALTER JUDGMENT

Pursuant to Fed. R. Civ. P. 59(e) and Fed. R.Civ. P. 60, plaintiffs through the undersigned counsel, move this Honorable Court for an order amending or altering its judgment of July 22, 2008. As further grounds, counsel would state:

1. In the Court's order of July 22, 2008, the Court indicates that the defendants' motion for preliminary injunction is granted.

2. However, the Court did not specify the exact relief it was granting to the defendants as it applied to status of the executive board prior to the imposition of the trusteeship.

3. A review of the defendants' motion and counterclaim, reveals that the defendants sought relief that required the Plaintiffs/Counterdefendants "to take all such other actions as may be necessary to return full operation and control of the Postal Police Officers Association to the leadership of that union prior to the trusteeship." (Docket #26, page 1). At present, the plaintiffs do not know what that means or if the Court intended to address this relief in its Order.

4. Events subsequent to the imposition of the trusteeship reflect that Edward Barry

resigned from the NLC-2 Presidency on February 25, 2008.  Moreover, an answer filed by Mr. Barry reflects that he also resigned from the union altogether.  He is no longer part of that leadership even though he may have been at some time prior to the trusteeship.

5.      Further, DC-1 found on January 31, 2008 and again on February 29, 2008, that Plaintiff Teri Grant had been unlawfully removed as president of the NLC-2 by the defendants as president of the NLC-2.

6.      Pursuant to Article 8, §I(B), of the NLC Constitution, the president of the NLC-2 must approve all expenditures of union monies *before payment is made*.  Thus, without a president, the union cannot legitimately use union funds.

7.      FOP DC-1 maintains oversight responsibility of the NLC-2 under both the Charter with NLC-2 and FOP DC-1's Constitution and Bylaws at Article 22.  DC-1 also has an obligation to the 600 members of the NLC-2 to insure that the union expends its funds lawfully.

8.      In view of these facts, the Court's order granting the defendant's motion is unclear and ambiguous. The plaintiffs' view is that Teri Grant was President prior to the trusteeship and that therefore she must approve all union expenditures before payment is made. Plaintiffs also believe that such a view is consistent with one reading of the order.

9.      Further, if the Court finds that Teri Grant is not the president of the NLC-2, then clarification is sought as to whether the plaintiffs are in contempt of the Court's order (i) when Grant pursues another appeal to DC-1 to return her to the NLC-2 position she was unlawfully removed from; and (ii) if DC-1 finds she is the lawful president after hearing.

10.     Because of the lack of clarity in the order, the Court should amend it to make more explicit who is properly "the leadership of the union prior to the trusteeship" and whether

the NLC-2 could expend union funds in the absence of Ms. Grant's or other presidential authority.  The court should further make clear if it intended to restrict or prohibit Teri Grant from further appealing her unlawful removal administratively to DC-1.

11.    If DC-1 challenges the NLC-2's expenditures of unions funds without the installation of a president, it is relatively certain that the defendants will seek a contempt citation.

12.    The Court should be aware that plaintiffs do not wish to violate the Court's order of July 22, 2008.  They have filed this motion in good faith and do not wish to be sanctioned for violating the court's order as it applies to the challenging the expenditure of union funds or as to the issue of who is the lawful president.

13.    Counsel for the plaintiffs contacted defendants' counsel Arlus Stephens, Esq. to discuss this motion.  The defendants oppose the motion.

As more fully set forth in the accompanying memorandum of law granting of this motion is within the sole discretion of the Court.  However, the facts as set forth herein warrant the Court's attention and resolution.

    Respectfully submitted,

    */s/ Stephen G. DeNigris, Esq.*
    Stephen G. DeNigris, Esq.
    Attorney for the Plaintiffs
    D.C. Bar No. 440697
    2100 M Street, NW Suite 170-283
    Washington, DC 20037

    Office: (703)416-1036
    Fax:    (703)416-1037

/s/ ***Jonathan Gould, Esq.***
Attorney for the Plaintiffs
D.C. Bar No. 491052
1730 M St NW Suite 412
Washington, DC 20036

Tel: (202)347-3889
Fax: (703)652-7589

August 1, 2008.
Albany, NY

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRATERNAL ORDER OF POLICE,** )<br>**D.C. LODGE 1**, et. al., )<br>)<br>       Plaintiffs, )<br>)<br>       v. )<br>)<br>**EDWARD BARRY**, et. al. )<br>)<br>       Defendants. )<br>_____) | CASE NO.: 08-cv-462 (ESH) |

## MEMORANDUM OF LAW

Fed. R. Civ. P. 59(e) provides that a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment. A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); accord *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998).

Similarly, Fed. R. Civ. P. 60(b)(6) allows for relief from a final judgment, order or proceeding for any other reason that justifies relief. As with Rule 59(e), the granting of a motion under Rule 60 is within the discretion of the district court to grant. *See SEC v. Clifton*, 700 F.2d 744, 746 (D.C. Cir. 1983). District courts should grant Rule 60(b)(6) motions only where exceptional circumstances justifying extraordinary relief exist. *Valley Citizens for a Safe Environment v. Aldridge*, 969 F.2d 1315, 1317 (1st Cir. 1992). District courts have "broad

1

discretion" to determine whether such circumstances exist. *Id.* at 1317.

As it applies to contempt, in order to prove good faith substantial compliance, a party must demonstrate that it " "took all reasonable steps within [its] power to comply with the court's order.' " *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991). Although a party's good faith may be a factor in determining whether substantial compliance occurred, may be considered in mitigation of damages, good faith alone is not sufficient to excuse contempt. *See, e.g., Oil, Chemical & Atomic Workers Int'l Union v. NLRB*, 547 F.2d 575, 581 & n.5 (D.C. Cir. 1977) (as amended) (holding that, at least in the second-stage of a contempt proceeding, "good faith or lack of willfulness is not a defense that the petitioner must negate"); *Doe v. General Hospital*, 434 F.2d 427, 431 (D.C. Cir. 1970) (holding that physician's good faith misunderstanding as to scope of preliminary injunction did not constitute a defense to a civil contempt order for violating that injunction).

In the case at bar, the Court's order and the requested relief lack clarity. The plaintiffs stand in the untenable position of running afoul of the Court's order if the Court intended to address the matters described herein and intended to reseat the NLC-2 executive board in spite of Edward Barry's resignation and termination of union membership. By making this motion, the plaintiffs are attempting to take all reasonable steps to comply with the court's order.

In the same vein, because of DC-1's oversight responsibility of the NLC-2, the plaintiffs do not wish to run afoul of the Court's order in challenging improper and unlawful expenditures if the Court intended to resolve that issue as the defendants will likely assert if DC-1 exercises that oversight responsibility. The plaintiffs have demonstrated the circumstances required to obtain relief under Rule 59 and Rule 60.

**WHEREFORE**, plaintiffs respectfully pray that the Court grant this motion to amend or alter the judgment to clarify what the court meant in granting the defendants' motion.

        Respectfully submitted,

        ***/s/ Stephen G. DeNigris, Esq.***
        Stephen G. DeNigris, Esq.
        Attorney for the Plaintiffs
        D.C. Bar No. 440697
        2100 M Street, NW Suite 170-283
        Washington, DC 20037

        Office: (703)416-1036
        Fax:    (703)416-1037


        ***/s/ Jonathan Gould, Esq.***
        Attorney for the Plaintiffs
        D.C. Bar No. 491052
        1730 M St NW Suite 412
        Washington, DC 20036

        Tel: (202)347-3889
        Fax: (703)652-7589

August 1, 2008.
Albany, NY

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRATERNAL ORDER OF POLICE**, **D.C. LODGE 1**, et. al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**EDWARD BARRY**, et. al. )<br>)<br>Defendants. ) | CASE NO.: 08-cv-462 (ESH) |

## **O R D E R**

Upon consideration of the Plaintiffs' Motion to Amend or Alter Judgment, the defendants' response and for other good cause shown, it is hereby

**ORDERED** that the Plaintiffs' Motion is **GRANTED / DENIED**, and it is further

**ORDERED** that the Court's Order of July 22, 2008, is Amended or Altered as follows:

_____
ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT JUDGE

August \_\_\_\_\_, 2008
Washington, D.C.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiffs' Motion to Amend or Alter Judgment and Supporting Memorandum of Law was sent by electronic mail on the 1st day of August 2008 to the following individuals:

Arlus J. Stephens, Esq.
Attorney for Defendants Barry,
Ferraro, Vitolo, Diaz, and Dunlap
 Davis, Cowell & Bowe, LLP
1701 K St NW Suite 210
Washington, D.C. 20006

Office: (202)223-2620
Fax:    (202)223-8651

Keira M. McNett, Esq.
Attorney for Defendants Barry,
Ferraro, Vitolo, Diaz, and Dunlap
Davis, Cowell & Bowe, LLP
1701 K St NW Suite 210
Washington, D.C. 20006

Office: (202)223-2620
Fax:    (202)223-8651

*/s/ Stephen G. DeNigris, Esq.*