IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRATERNAL ORDER OF POLICE, DC LODGE #1, et al.<br><br>      Plaintiffs,<br><br>vs.<br><br>EDWARD BARRY, et al,<br><br>      Defendants. | Civil No. 08-462 (ESH) |

**DEFENDANTS/COUNTERCLAIMANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND OR ALTER THE JUDGMENT**

Defendants/Counterclaimants respectfully oppose the Motion to Alter or Amend the Judgment.

As set forth below, the Counterclaimants ask the Court to deny the Motion because: <u>first</u>, there was nothing unclear about the Court's order of July 22 and thus there are no ambiguities to clear up; and <u>second</u>, the DC 1 Plaintiffs ask for relief far beyond what they requested in their own Complaint – which was dismissed – and relief to which they are not entitled in any event. Specifically, the DC 1 Plaintiffs continue to lobby the Court to declare Teri Grant the President of the PPOA, notwithstanding the Court's clear statement that this was not within the Court's province.

## Background

On July 22, this Court entered an order granting the Counterclaimants' Motion for Preliminary Injunction and denying the Cross-Motion of the DC 1 Plaintiffs. In open court, the Court explained that the DC 1 Plaintiffs had no authority to impose the trusteeship and thus control of the PPOA must be returned to the PPOA's own officials.

The Court specifically denied the request by the DC 1 Plaintiffs to have Teri Grant reinstalled as President of the PPOA. The Court further denied the Plaintiffs' request to orally amend their Complaint to allege separate violations of Teri Grant's rights.

Since the Court's Order issued, the parties have endeavored to work out the logistics of DC 1's inspection of the PPOA's financial records. The PPOA provided DC 1 with a list of dates when records can be made available for DC 1's inspection, and the parties have agreed to the date of August 19. Thus, the PPOA is fully complying with the Court's July 22 Order.

However, the PPOA has encountered numerous instances of DC 1 refusing to relinquish control over the PPOA as they are required to do under the Court's Order declaring the purported trusteeship invalid. DC 1 Plaintiffs have refused to return property to PPOA even while they do not

dispute that these items belong to the PPOA. Specifically, Plaintiffs have refused to return PPOA-owned computer equipment and, more importantly, the controlling access code to the PPOA's Yahoo list serv, which the PPOA uses to communicate with its membership (Ferraro Second Decl. ¶ 10). Not only have the DC 1 Plaintiffs refused to return control of this important means of communication, but they are continuing to use their access to this list serv to send messages to the PPOA's members. (*Id.* at ¶ 11).

The DC 1 Plaintiffs have refused to return control to the PPOA's officials because they assert that Teri Grant is still lawfully in charge of the PPOA. In their opinion, Ed Barry should no longer be the PPOA's president, and they continue to assert a claim they made in their Complaint that Mr. Barry is the "illegal National President" (Doc. 1, at ¶ 9).

Contrary to the DC 1 Plaintiffs' position, however, the leadership of the PPOA recognizes Mr. Barry as the President. The PPOA Executive Board has explicitly recognized Mr. Barry as the current President (Ferraro Second Decl. ¶ 3, 6). He is fully paid up on all his dues and has stated his continued desire to serve as President (*Id.* at 4, 5).

3

## Argument

I.  **The DC 1 Plaintiffs should comply with the Court's order as written and as explained in open court on July 22.**

In their Motion for Preliminary Injunction, the Counterclaimants made the argument that the trusteeship should be held unlawful because it was imposed in bad faith, for the illicit purpose of interfering in the political affairs of the PPOA and installing a favored candidate while engaging in a propaganda war against PPOA officials who did not follow Teri Grant's wishes. (Doc. 26, at p. 28-29). The DC 1 Plaintiffs contended this was not true, asserting instead that their alleged concern was corruption by PPOA officials. But the DC 1 Plaintiffs' true motives were revealed at the July 22 hearing, when the Plaintiffs asked the Court to install Teri Grant as President, after having just been informed that the trusteeship was invalid.

Having failed in their attempts to put Ms. Grant in control of the PPOA through trusteeship, DC 1 has refused to return control of the list serv to the PPOA and has used this list serv access to wrongly inform the PPOA members that "Teri Grant will continue as the lawful president of the FOP NLC2" (Ferraro Second Decl. ¶ 11-12, Exhibit A).

The Court's Order and the Court's reasoning as stated at the July 22 hearing leave no doubt as to the status of control over the PPOA. The Court

4

held that DC 1's purported trusteeship of the PPOA was invalid from its inception. Thus the PPOA's leadership and control over its own affairs remains as it was before the invalid trusteeship was imposed.

Rather than accept this, the DC 1 Plaintiffs are back before the Court claiming that they do not understand the Court's Order while they simultaneously refuse to concede to the clear implications of having the trusteeship declared invalid – that they must return control of the PPOA to the PPOA's officials and cease interfering in its affairs.

To the extent that DC 1 requires clarification of the Court's Order, the Counterclaimants respectfully suggest that the DC 1 Plaintiffs need only be informed that they must cease attempts to interfere in the operations of the PPOA, return the PPOA's property and take any other actions necessary to return control to the PPOA's officials, thereby allowing the PPOA to return to normal operations as it was prior to the imposition of the invalid trusteeship.

**II.    The Court should deny the DC 1 Plaintiffs the relief they request because it is beyond what they alleged in their Complaint and they are not entitled to relief regardless.**

**A.    The relief requested is outside the scope of the lawsuit.**

In their Motion to Alter or Amend the Judgment, the DC 1 Plaintiffs ask this Court for relief above and beyond what they requested in their

5

Complaint. And in any event, their claims were rejected by the Court, with the exception of the provision of access to the PPOA's records, which the Counterclaimants had already agreed to provide.

In their Complaint, DC 1 requested that the Court declare the trusteeship lawful, confirm the appointment of Steve Anthony as trustee, order the Defendants to surrender control over all of the PPOA's financial matters and the PPOA website, and order Defendants to surrender all keys to the PPOA's union offices. (Doc. 1, at ¶¶ 54, 63).

All of DC 1's specific requests for relief were predicated on a finding that the trusteeship was lawful. Thus the DC 1 Plaintiffs are not entitled to any of these ancillary requests upon a finding that the trusteeship was unlawful.

Plaintiff Grant did not seek relief in this lawsuit regarding her removal from office, and the Court specifically denied the DC 1 Plaintiffs' oral request at the hearing on July 22 to amend their Complaint to include such a claim.

**B.     Regardless, the DC 1 Plaintiffs have no right to the requested relief because their requests lack merit.**

Irrespective of the fact that the requests of the DC 1 Plaintiffs lie far outside of their initial claims and ignore this Court's July 22 Order, the Court should still deny their request to install Ms. Grant and remove Mr. Barry as

President because it lacks any merit.

### 1. Ed Barry is the President of the PPOA.

The governing body of the PPOA, its Executive Board, recognizes Ed Barry as the President. (Ferraro Second Decl. ¶ 3). The Executive Board does not consider Mr. Barry's actions following the implementation of the illegal trusteeship and DC 1's lawsuit against Mr. Barry as negating his status as President. (*Id.* at ¶ 6). Mr. Barry is current in his PPOA membership dues and is willing to continue to serve as President. (*Id.* at ¶¶ 4, 5).

The Court has already stated – consistent with well-recognized principles of federal labor law – that it declines to interfere with the internal union operations. *See Monzillo v. Biller*, 735 F.2d 1456, 1458 (D.C. Cir. 1984) (interpretation of union constitution rendered by union officials is entitled to considerable deference); *James v. Int'l Bhd. of Locomotive Eng'r*, 302 F.3d 1139, 1145 (10th Cir. 2002) ("judicial interference in intra-union affairs should be undertaken with great reluctance") (*citing Lucas v. Bechtel Corp.*, 800 F.2d 839, 850 (9th Cir. 1986)); 51 C.J.S. Labor Relations § 159 (2008).

There is no basis here for judicial involvement in the PPOA's own internal findings and determinations regarding the status of their President,

7

Mr. Barry.

### 2. Teri Grant has not preserved her right to challenge her removal from office.

As stated above, there is no claim in this lawsuit by Ms. Grant under any federal law claiming unfair treatment or otherwise invoking a claim for relief in her individual capacity as a former officer. But even if there were, she would not be entitled to any relief because she never filed an internal appeal from the trial committee's decision to sanction her. (Ferraro Second Decl. ¶ 7).

Article 7, Section XVI of the PPOA's Constitution provides that any member or officer who has been subject to discipline may have his or her appeal heard by the full Executive Board and the Regional Representatives. Ms. Grant never attempted to invoke this right to appeal. (*Id.*)

It is undisputed that Ms. Grant did not attempt to exhaust her internal remedies, as she did not file an appeal under Article 7, Section XVI of the PPOA Constitution.

Thus even if a Ms. Grant had brought a claim challenging her removal from office – which she did not – such a claim would be meritless because she did not even attempt to preserve her rights.

## Conclusion

WHEREFORE, the Counterclaimants respectfully urge the Court to deny the request of the DC 1 Plaintiffs to alter or amend the judgment and to make clear that the Court's Order requires return of full control to the PPOA. A proposed order is attached.

Dated:  August 12, 2008             Respectfully submitted,


                                     s/ Keira M. McNett
                                     Arlus J. Stephens (478938)
                                     Keira M. McNett (482199)
                                     Davis, Cowell & Bowe LLP
                                     1701 K Street NW, Suite 210
                                     Washington, DC 20006
                                     Phone: (202) 223-2620
                                     Fax: (202) 223-8651

                                     Counsel for Counterclaimants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRATERNAL ORDER OF POLICE, DC LODGE #1, et al. <br><br> Plaintiffs, <br><br> vs. <br><br> EDWARD BARRY, et al, <br><br> Defendants. | Civil No. 08-462 (ESH) |

### SECOND DECLARATION OF PAUL FERRARO

I, Paul Ferraro, hereby declare and state that I have personal knowledge of these facts and if called as a witness could and would competently testify as follows:

1. I work as a full-time Police Officer for the United States Postal Service and have so served for many years.

2. I have long been a member of the Postal Police Officers Association and currently serve as its National Secretary Treasurer. As such, I am a member of the PPOA's executive board.

3. Ed Barry was the President of the PPOA before the unlawful trusteeship and he remains the President of the PPOA and is so recognized

by the PPOA's Executive Board.

4. Mr. Barry is fully current in his PPOA membership dues.

5. Mr. Barry has expressed his continued willingness to serve the members of the PPOA in the capacity of President.

6. The Executive Board does not view the circumstances that followed DC 1's filing a federal lawsuit against Mr. Barry in his personal capacity and during which time DC 1 and Teri Grant maintained an unlawful trusteeship over the PPOA as negating Mr. Barry's status as President.

7. Teri Grant was removed from her position following a trial in early January 2008. She never filed any internal appeal, as is specifically mandated by Article 7, Section XVI of the PPOA's Constitution.

8. During the time of its unlawful trusteeship, DC 1 placed Teri Grant in the position of Manager of the PPOA.

9. During Grant's tenure as DC 1's Manager, grievances were not properly processed, bills were not paid, and the operations of the PPOA otherwise went unmanaged.

10. Teri Grant retains control of PPOA property, including compuer equipment and access codes for the PPOA's membership list serv. Requests have been made that she and the other Plaintiffs return control of these items to the PPOA, but these requests have been denied.

11. The DC 1 Plaintiffs are using the PPOA's membership list serv to send messages to the PPOA's members. These messages are designed to boost the political standing of Grant and to damage the political standing of the PPOA's existing Executive Board members.

12. Attached as Exhibit A is a true and correct copy of a letter sent to the PPOA's membership on July 25, 2008, using the PPOA's list serv, pursuant to an access code supplied by Teri Grant.

I declare under the penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

8-4-08
Date

Paul Ferraro

# FRATERNAL ORDER OF POLICE

## JERRARD F. YOUNG

### DISTRICT OF COLUMBIA LODGE #1



711 4th Street, Northwest
202-408-7767

Washington, D.C. 20001
Fax 202-408-7880

July 25, 2008

To All Members:

On January 31, 2008 Fraternal Order of Police DC Lodge #1 (FOP DC1) placed the Fraternal Order of Police NLC#2 into trusteeship for the purpose of eliminating improper actions of the board and investigating allegations that members of the executive board misappropriated union funds. At that time FOP DC1 requested that the executive board turn over its books and records but they refused. Shortly thereafter, the bank froze the union's accounts thereby preventing the trustee from operating the union. FOP DC1 sued the executive board members to obtain a court order for production of the records and for judicial recognition of the trusteeship.

The case was heard Tuesday, July 22, 2008 by Judge Huevelle. The judge ordered the executive board to release the FOP NLC2 records to FOP DC1. However, she also found a defect in the procedures followed by FOP DC1 to establish the trusteeship and ordered that the trusteeship be lifted. FOP DC1 is now in the process of revising its Constitution and Bylaws to comply with the courts ruling. This process will take approximately 90 days.

During this period several things will be happening. The FOP NLC2 executive board will deliver the union's books and records to FOP DC1 pursuant to the court order; FOP DC1 will start investigating the allegations that Ferrarro and Dunlap misappropriated union funds; Teri Grant will continue as the lawful president of the FOP NLC2; and FOP DC1 will continue monitoring the conduct of the executive board to ensure they operate in a lawful manner. Finally, elections should be conducted as soon as possible to install new officers on the board as per your by-laws.

We have received letters of support from hundreds of PPO's across the nation reaffirming their desire to retain their affiliation with the FOP and in support of FOP DC1's efforts to eliminate the improper conduct of the current executive board. This is a crucial time for FOP NLC2 and it is important that the members take action to restore the credibility of their union. Now is the time for capable and devoted members to step forward and run for elective office. I call on all PPO's to exercise their right to vote and ensure that the best candidates win the upcoming election.

Very truly yours,

Marcello Muzzatti
President

D.C. Housing Authority • Central Intelligence Agency • U.S. Department of Agriculture • Metropolitan Police • U.S. Capitol Police
Alcohol, Tobacco & Firearms Bureau • U.S. Secret Service • National Institute of Health Police • U.S. Park Police • Federal Bureau of Investigation
Drug Enforcement Administration • Department of Corrections • U.S. Marshals Service • U.S. Customs • Metro Transit Police • Library of Congress
Department of Defense • Internal Revenue Service • Supreme Court • Metropolitan Washington Airport Authority
Immigration and Naturalization Service • Naval Investigative Service • Postal Police • Federal Protective Service • Department of Labor
U.S. Secret Service UD • Bureau of Engraving & Printing • Government Printing Office • National Zoological Police
Amtrak Police • Department of Health & Human Services • Defense Protective Service
U.S. Mint Police • Naval District Washington • Walter Reed Army Medical Center

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRATERNAL ORDER OF<br>POLICE, DC LODGE #1, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD BARRY, et al,<br><br>Defendants. | Civil No. 08-462 (ESH) |

## [PROPOSED] ORDER

Upon consideration of the Plaintiffs' Motion to Amend or Alter the Judgment and Defendants/Counterclaimants' Opposition to the Motion, the Court DENIES the Plaintiffs' Motion and further ORDERS that Plaintiffs/Counterdefendants must cease and desist claims of authority over the operations of the PPOA and relinquish all claims to the property and assets of the PPOA, including its bank accounts and the access codes to its list serv.

_____          _____
DATE                              UNITED STATES DISTRICT JUDGE